BANK OF MISSOURI *et al.*, Respondents, WHITE, *et al.*, Appellants.

1. There is no equity in favor of creditors of an intestate's estate, or of the heirs of such intestate, to set aside and annul a sale and conveyance of land by an administrator for the payment of debts, where such sale and conveyance are absolutely void; if the sale be void, creditors may proceed in the probate or county court for a resale, and the heirs may have their action for the possession.

2. Where a creditor of an intestate's estate seeks to set aside a sale and conveyance made by the administrator for the payment of debts, on the ground of fraud, the administrator not being a party to the suit; *held*, it not appearing that the suing creditor is the only creditor of the estate, that a decree directing the payment of such creditor out of the proceeds of a resale, is erroneous.

*Appeal from Lewis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Pratt, Glover & Richardson* and *H. M. Jones*, for appellants.

*Driden* and *Green*, for respondents.

LEONARD, Judge, delivered the opinion of the court.

This was a petition to set aside a sale and conveyance of real estate made by an administrator for the payment of debts under the decree of a probate court. A single creditor and the widow and heir of the intestate are the plaintiffs, and the purchasers of the land are the defendants. The petition charges that the sale was never approved by the probate court, as required by law; and that the purchasers acquired the land, at a great sacrifice to the owners, by fraudulent and other improper conduct at the bidding; and that the administrator (who is not

a party to this proceeding) has made his final settlement, leaving the debt of one of the plaintiffs, who is the only remaining creditor of the estate, unpaid. Upon a trial by the court, it is found that the sale was never approved by the court; that the defendants effected the purchase by the alleged misconduct; and that one of the plaintiffs is a creditor of the estate, but whether the *only* creditor or not is not found. Upon these facts, the court declared that the sale was void for want of the judicial confirmation, and also on account of the alleged fraudulent conduct of the purchasers, and thereupon decreed a resale of the land, ordering the proceeds to be applied, first, to refund the purchase money, then to pay the creditor plaintiff his debt, and the residue to be distributed among the heirs of the estate.

It is insisted that the administrator's sale is a forced sale of the heirs' land, and that an express sanction of it by the tribunal that ordered it is prescribed by law as essential to its validity, and that the present sale is void for want of this confirmation. If this be true both in law and fact, no title passed; the condition of the party is not changed by the unfinished proceeding, and the creditors and heirs of the estate, instead of filing their petition for equitable relief against the purchasers, are at liberty to pursue their appropriate legal remedies for the enforcement of their respective rights,—the creditors, by a proper proceeding in the probate court for a resale of the land, and the heirs, by their suit at law to recover the possession. With this remark we dismiss this part of the case, and refrain from expressing any opinion at this time upon this legal question, as it may be that the facts are not now sufficiently developed to enable us to determine it correctly in reference to the rights of the parties. It is enough for the present suit, that if the sale and conveyance be *void* for want of confirmation, as plaintiffs insist, then *they are not entitled to the equitable relief sought for by this petition,* but must seek their remedy in a different manner.

If, however, the sale, instead of being *void* for the reason

above suggested, were merely voidable in equity on account of the fraud practiced by the purchasers, equity will relieve by converting the purchasers into trustees against their will, and making the land subservient to the rights of the defrauded parties by way of equitable trust. A creditor, however, can not acquire any priority for his debt by filing a bill of this kind; and therefore, where there are several creditors, it would be proper for the court, instead of taking upon itself the administration of the fund, to order it to be paid into the hands of the administrator, to be applied according to law, under the supervision of the proper probate court. But the allegation here is, that there is but a single creditor, who, of course, is entitled to the fund before the heirs; and if this be so, we see no reason why he should not be paid immediately out of the fund, instead of being remitted together with the fund to the county court for that purpose. That fact, however, is not found, and we shall therefore reverse the judgment and remand the cause. It has been strongly insisted before us that there was no evidence to establish the fraud; but as the course of the court has heretofore been, whenever the finding was defective, to set it aside altogether, and direct a new trial, and as that is the course we adopt in the present case, we refrain from expressing any opinion upon the evidence, and leave the tribunal, whether court or jury, before which the trial will be had, to determine the question of fact, uninfluenced by any expression of our opinion upon the subject.

The judgment is reversed, and the cause remanded.