Barton v. Barton.

—————

WILLIAM A. BARTON, Plaintiff in Error, v. REBECCA BARTON, Defendant in Error.

*Administration—Final Settlement—Judgment.*—The final settlement made by an administrator is a judgment and conclusive upon all parties, until reversed by the proper proceedings for that purpose.

*Error to Cole Circuit Court.*

The plaintiff in error sued the defendant in error before a justice of the peace, on a statement or complaint filed, in

which he alleged that she owed him $76.50, which, in May, 1862, she agreed to pay to him, if he demanded it; it being what would have been his distributive share of his father's estate, which she consumed by bringing in a pretended claim for the support of infant children, and which the county court, at her final settlement, accepted on the express condition that she would pay the above sum if plaintiff claimed it; that he had claimed it, and she had refused to pay it.

Judgment was given for plaintiff, and defendant appealed.

At the trial in the Circuit Court, plaintiff introduced W. F. Fowler, a judge of the county court, and proved by him (defendant objecting) that in May, 1862, defendant came into the county court to make a final settlement on her deceased husband's estate, and brought in an account and claimed in said settlement $625.30, as a credit for maintaining, educating, &c., the infant children of deceased; that it was suggested that plaintiff (who was not present) would object to it, he being the eldest of the children, and grown up, and not living with defendant; that the widow bought articles at the sale which took place in 1858, articles which amounted to the sum for which she was claiming a credit; that she had maintained the children at her own expense, and if this sum was not allowed her, she would fall considerably behind;—and defendant then agreed, that if plaintiff claimed his share of this sum, she would pay him; that the court allowed the account to be placed to her credit, with the understanding that plaintiff was to have his distributive share paid him, if he claimed it.

All of which testimony the court excluded, and the plaintiff excepted.

It was also shown that, by giving defendant this credit, the other expenses of administration about exhausted the assets of said estate; that deceased had six children, and plaintiff was the eldest; that plaintiff demanded the sum in controversy.

Plaintiff then asked the following instruction, which was refused by the court:

" If the jury believe from the evidence that defendant agreed to pay plaintiff, if he demanded it, his distributive share as heir of his father of the credit that the county court allowed her in her final settlement, and that plaintiff did demand the same, the jury will find for the plaintiff the amount of his distributive share of the same, and interest from the time of demand."

A mother may charge the estate of her deceased husband for the support of her infant children, but it must appear that they were so small that their services would not compensate for their support, and that the mother during the time that she was maintaining them expected to charge for the same.

Defendant asked the following instruction which was given by the court, and plaintiff excepted:

" The jury are instructed to exclude from their consideration the entire testimony of witness W. F. Fowler."

Verdict for defendant, which defendant moved to set aside, and also moved to arrest judgment.

*G. T. White,* for plaintiff in error.

The court below erred in excluding Judge Fowler's testimony. The county court may make some contracts by parol. (Baggs v. Caldwell County, 28 Mo. 586. We do not propose to recover on a contract made with the county court, which was of such a nature that the record should have contained said contract; but we insist that we have a right to show why it was that the county court was induced to permit defendant to make her final settlement, which inducement could not be made a matter of record. And if we show by parol that defendant was benefited by being permitted to make her settlement, and that, as a condition to her making her settlement in a particular form, she made a promise for the benefit of the plaintiff, he has a right to avail himself of it. (1 Ves. & B., 378.)

The final settlement being made upon this express condition—and with this outside understanding, it (the under-

Barton v. Barton.

standing) was not a matter which the law required to be made a matter of record; and no fact can be established by record evidence, unless it be a fact of such a character that must necessarily be made a matter of record; which was not the case here—she thereby became a trustee, holding for plaintiff, if he demanded it, that sum. (Podmore v. Gunning, 10 Eng. Ch. 247, 249.)

The plaintiff's only remedy was by an action of this sort; there was no violation of the condition of the administratrix' bond that could be sued on; the county court had the entire control of the matter—had a right to allow defendant's claim, exercising at the same time a due regard for the interests of those concerned; and it being suggested that plaintiff was the only one whose rights could be justly said to be injured by their allowing the claim, they had a right to guard his interest by imposing the condition that they did upon defendant. He then could not have appealed if he had been present, because he had not been injured by the judgment of the court, when the outside understanding is taken in connection with the court's judgment; and it should not now be in the defendant's mouth to come in and say, that she is not bound on a promise that she found it necessary to make, by which she was benefited to the amount of six times the sum here sued for, and thereby relieved herself and her securities from further liability to account for that sum. (1 Greenl. Ev. § 542–54, 6, n. 2, 7, & n. 1, 2; Kent, 119–20; n. 3 Cranch, 483; 3 Wheat. 246.)

As no misrepresentations were made to the county court, it cannot now be insisted that this allowance was in any manner tinged with fraud; the only fraud in the matter is, the refusal of defendant to comply with her promise when she was called upon, after she had made her final settlement, which could in no manner affect her securities; and hence, suit for an act of this sort, done after she had made her final settlement, could not be brought against them on the bond. And even if suit could have been maintained on the bond, the statute nowhere takes away the right to maintain a com-

mon law action; and not being expressly taken away, the right still exists.   (13 Wend. 341 ; 5 John. 178 ; 10 id. 389 ; 10 Pick. 383.)

The gist of this action lies in the promise of defendant for a consideration to do an act, and afterwards a refusal to do the same; all of which is outside of the record of her settlement, and is not a debt of record that has to be established by record evidence alone.   (Stor on Cont. § 433, & n. 1, § 434 ; State v. Benoist & Hackney, 10 Mo. 524 ; Carl v. Biggs et al., 12 Mo. 430.)

The promise made for the benefit of plaintiff need not to have been made in his presence.   (Wherewood v. Shaw, Yelv. 25 ; Sto. Cont. § 450, & n. 1.)   Hence the court below erred in refusing the first instruction of plaintiff.

The court also erred in refusing the second instruction of plaintiff.   (Guenther v. Birkichts, 22 Mo. 446–7 ; Gillett v. Camp, 27 Mo. 542 ; 19 do. 434–5.)

*J. L. Smith*, for defendant in error.

I. The Circuit Court did not err in sustaining the defendant's objections to the testimony of witness W. F. Fowler, because " no case has been found where a party has been permitted to prove before one court of record what he did, what proceedings were had and done before another court of record in a judicial investigation by mere parol testimony ; the acts, doings, judgments and proceedings of courts of record are known by the records of these courts."   (Milan v. Pemberton, 12 Mo. 598; Mullin v. Platte County, 8 Mo. 235 ; Gates et al. v. Hunter et al., 13 Mo. 511.)

II. The action of the county court in allowing the demand of defendant against her husband's estate for maintaining and educating his minor children, was properly allowed her as a credit ; and the plaintiff who had grown up and had been reared and educated, his father in his life-time had no right to complain of the *recorded action* of the court.   (State v. Stephenson, 12 Mo. 178.)

There was no order of distribution of the estate of Abraham Barton, there being nothing in the hands of the administratrix to distribute, as appears by the record on final settlement; and no action can be maintained by plaintiff for a distributative share of said estate after there was a final settlement of said estate; and if the same was fraudulent, the plaintiff had his remedy by proceedings in chancery to set aside said final settlement, and re-open the administration of said estate; plaintiff cannot, therefore, recover in this form of action under any state of facts.

DRYDEN, Judge, delivered the opinion of the court.

The order of the county court allowing to the respondent, on her final settlement, the $625.30 out of the assets of the estate of her intestate, for the maintenance and education of the intestate's infant children, was in the nature of a judgment, and conclusively determined the right of the respondent to the fund.

By the present proceeding, the same matter is sought to be readjudicated. This cannot be done. The plaintiff had his day in court at the time of the final settlement of the respondent, the administratrix, and he must abide the judgment then made until reversed by the proper proceeding.

Let the judgment be affirmed. Judge Bates concurring; Judge Bay absent.