Murray v. Roberts.

----

ANDREW MURRAY, Appellant, v. DAVID ROBERTS, Respondent.

1. *Administrator — Settlement by, has the force of a judgment, when.*—The final settlement by an administrator of his administration accounts, and the allowance of a balance in his favor by the Probate Court, has the force of a judgment, and is conclusive upon all parties till reversed or set aside by some proper proceedings.

*Appeal from Clay County Circuit Court.*

The appellant filed his petition in the Clay Circuit Court against respondent, as administrator of the estate of Robert C. Thompson, deceased. The petitition stated that plaintiff was former-

administrator of the estate of said Thompson, and as such, in the year 1864, made a final settlement of said estate, and that on said settlement there was due him the sum of $1,100, and he was credited for that amount; therefore he prays judgment for said sum of money. The respondent filed a demurrer to the petition, which was sustained by the court.

*S. Hardwick*, for appellant.

The final settlement of Murray was a judgment, and notice having been published, was binding on all concerned. (35 Mo. 158, 163 ; 9 Mo. 362; 20 Mo. 87 ; 23 Mo. 95; *id.* 236.) It is objected that a balance cannot be allowed to an administrator on his settlement. In Caldwell v. Lockridge, 9 Mo. 362, 365, a balance was allowed the administrator on final settlement, he resigning his letters, as in this case ; and this court decided that it was a judgment in his favor, and could not be set aside by a subsequent order of the court, the administrator being out of court. It is submitted that the cases of Frost v. Winston, 32 Mo. 489; Wyatt v. Woods, 31 Mo. 351, and Gillett v. Camp, 23 Mo. 375, relied on by counsel for defendant, are not in point; these were cases of guardians against wards. In Wyatt v. Woods, *supra*, the court declare that they are liable to be bound as apprentices if there is no estate. This could not be done with a deceased person.

*J. E. Merryman*, for respondent.

The court did not err in sustaining the demurrer, because: **1.** The settlement of an administrator, and a balance found due him, on a general publication of notice, is not such a judgment as will authorize the institution of a suit thereon. The notice is only constructive service, and no one was in court on personal service ; therefore the judgment is not final or binding on the parties interested. (Gillett v. Camp, 23 Mo. 375.) And this was a suit on a final settlement of guardian. **2.** The administrator cannot recover for a balance due him on settlement of the estate, for the reason that, in law, he is not bound to pay out money on claims against the estate until he has money in his

hands belonging to the estate. Therefore the payments are voluntary, and no action lies to recover it back from the estate. And the petition fails to state that the payments made by the plaintiff were made under any order of the court, without which he had no authority to pay. (See Frost v. Winston, 32 Mo. 489; 31 Mo. 351.) 3. The settlement of the administrator being only an account, and more than five years having elapsed, is bound by the statute of limitations, and that being apparent on the pleadings, can be taken advantage of by demurrer. (McNair v. Lott, 25 Mo. 182.)

CURRIER, Judge, delivered the opinion of the court.

The final settlement of an administrator of his administration account, with the allowance of a balance in his favor by the Probate Court, has the force of a judgment, and is conclusive upon all parties till reversed or set aside by some proper proceedings. (Caldwell v. Lockridge, 9 Mo. 358; Barton v. Barton, 35 Mo. 158.) The court below held the contrary view, and sustained a demurrer to the plaintiff's petition.

The judgment must be reversed and the cause remanded. The other judges concur.