Woodworth v Woodworth.

---

WOODWORTH v. WOODWORTH *et al., Appellants.*

1. **Administration;** PARTY. A suit on the bond of an executor or administrator can only be maintained in the name of the State to the use of the party aggrieved; not in the name of the latter alone.

2. **Conclusiveness of Final Settlement.** A final settlement of an administrator with the will annexed, has the force and effect of a judgment, and, until impeached and set aside in an appropriate proceeding, precludes any action upon the bond of the executor. The only exception to the rule of the conclusiveness which attends a final settlement, is that laid down in section 6, page 118, Wag. Stat.

*Appeal from Howell Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

This was a suit brought by Seth B. Woodworth and Mary C. Chapin, (formerly Woodworth,) as heirs at law of Stephen R. Woodworth, deceased, against Ellen Woodworth, D. F. Durham and Wm. Monks. The suit was brought against Ellen Woodworth as executrix of Seth P. Woodworth, and against Durham and Monks as sureties

in a bond given by Seth P. Woodworth in his life time as executor of said Stephen R. Woodworth. It appeared at the trial that Stephen R. Woodworth died in Howell county in January, 1867, leaving a last will and testament, by which Seth P. Woodworth was appointed his executor; that said last will was duly probated and Seth P. Woodworth qualified and gave bond as executor in April, 1870, with Durham and Monks as his sureties, and afterwards, in August, 1874, died without having made final settlement; that defendant Ellen Woodworth was, in October, 1874, appointed administratrix with the will annexed of the estate of said Stephen R. Woodworth, and qualified as such and made final settlement of said estate before the bringing of this suit; that in this settlement she charged herself, among other items, with $65.70 for interest on money received from the former executor; and that she was also appointed and qualified as executrix of said Seth P. Woodworth. The court refused to instruct the jury that her final settlement made as administratrix with the will annexed, was conclusive upon all parties concerned until set aside in a proper proceeding for that purpose. Under the instructions given the jury found for the plaintiffs, and assessed their damages at $578.60, of which $15.80 was for property which the executor had failed to bring into his inventory and accounts, and $503.52 was for interest on money in the hands of the executor not accounted for in any settlement. There was a judgment accordingly, and the defendants appealed. The suit, though on the bond of the executor, was not brought in the name of the State to the use of the heirs, but in the name of the heirs simply.

*Livingston & Green* for appellants.

The final settlement is entirely conclusive upon the question of interest. *Picot v. Bates,* 47 Mo. 390; *Murray v. Roberts,* 48 Mo. 307; *Barton v. Barton,* 35 Mo. 158. The question of charging executors, administrators and guar-

dians with interest upon estates in their hands, is left entirely to the judgment and discretion of the probate court, and their action in this matter will not even be reviewed in an action to set aside the final settlement for fraud. *Clyce v. Anderson*, 49 Mo. 37.

*Hynes & Waddill* for respondent.

SHERWOOD, C. J.—The suit on the bond of an executor or administrator can only be maintained in the name

1. ADMINISTRA-TION: party.

of the State to the use of the party aggrieved, the bond being given to the State as obligee, and the State being the trustee of an express trust. *State v. Moore*, 19 Mo. 369; 1 Wag. Stat., p. 118, § 9.

The final settlement of the estate of Stephen A. Woodworth, made by Ellen Woodworth, as administratrix with

2. CONCLUSIVENESS OF FINAL SETTLE-MENT.

the will annexed, had the force and effect of a judgment, and precludes any action on the bond of the former executor of Stephen R. Woodworth, until such final settlement be impeached and set aside in an appropriate proceeding. *State v. Roland*, 23 Mo. 95; *Murray v. Roberts*, 48 Mo. 307; *Oldham v. Trimble*, 15 Mo. 225; *Picot v. Bates*, 47 Mo. 390; *Barton v. Barton*, 35 Mo. 158. There is but one exception to the rule of the conclusiveness which attends a final settlement, and that is when an action is brought, either on the administration bond, or otherwise, for waste or mismanagement where the estate proves insolvent, 1 Wag. Stat., p. 118, § 6; in which case the settlement is only to be held conclusive, so far as the administrator "has applied the assets pursuant to the apportionment made by the court for the payment of debts." *Ib.*, § 7. Judgment reversed and cause remanded. All concur.