MURPHY v. DE FRANCE, *Appellant.*

1.   **Equity**: FRAUD : RELIEF AGAINST JUDGMENT.   A court of equity will not enjoin or vacate a judgment merely because it is founded on a cause of action vitiated by fraud.

2.   —— : —— : ——.   The fraud to authorize relief against the judgment must have been committed in procuring it.

3. ——— : ——— : ———. The question of fraud may be interposed as a valid and meritorious defense, and unless its interposition has been prevented by the fraud of the adversary party it cannot be asserted against a judgment, foreign or domestic.

4. Res Judicata. Where a court has jurisdiction of the parties and subject-matter of an action and there has been no appeal, the judgment will be *res judicata*, regardless of the question whether the suit was a proper one in which to try the issues decided.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Blair & Marchand* for appellant.

(1) Fraud and collusion cannot be properly charged in general terms; the specific acts must be alleged. Bliss on Code Pleading, secs. 210, 213, 339; *Hill v. Miller*, 36 Mo. 182; *Fox v. Webster*, 46 Mo. 181; *Smith v. Sims*, 77 Mo. 269; *McGindley v. Newton*, 75 Mo. 115; *Duffy v. Byrne*, 7 Mo. App. 417. (2) The fraud to authorize courts of equity to set aside a judgment must have been committed in the procurement of the judgment; they will not interpose because the cause of action was vitiated by fraud; that is a matter of defense; unless the defense is prevented by the fraudulent conduct of the other party no cause of action is stated for setting aside the judgment in the dower suit. *Cadwaledar v. Atchison*, 1 Mo. 659; *Risher v. Roush*, 2 Mo. 77; *West v. Wayne*, 3 Mo. 16; *Yantis v. Burdett*, 3 Mo. 457; *Collier v. Eastman*, 2 Mo. 145; *Miles v. Jones*, 28 Mo. 87; *Reed v. Hansard*, 37 Mo. 199; *Harris v. Terrill*, 38 Mo. 421; *Martin v. Luthewitte*, 50 Mo. 58; *Ward v. Quinlion*, 57 Mo. 425; *Payne v. O'Shea*, 84 Mo. 129; *Smith v. Sims*, 77 Mo. 269. (3) The petition shows on its face that plaintiff's cause of action as to setting aside the sale of the real estate is barred

by the five years' statute of limitations. The statute of limitations can be raised on demurrer or appeal. *State v. Bird*, 22 Mo. 470 ; *Henock v. Chaney*, 61 Mo. 129 ; *McNair v. Lott*, 25 Mo. 182 ; *Zane v. Zane*, 5 Kan. 134 ; *Matthews v. Southeimer*, 39 Miss. 174 ; *Miller v. Dawson*, 26 Ia. 186. ( 4 ) Fraud will not be presumed in any case when the facts stated or proved consist as well with honesty as dishonesty. *Rumbolds v. Parr*, 51 Mo. 592 ; *Henderson v. Henderson*, 55 Mo. 534 ; *Ames v. Gilmore*, 59 Mo. 537 ; *Dallam v. Renshaw*, 26 Mo. 533 ; *Chapman v. McIlwrath*, 77 Mo. 38 ; *Page v. Dixon*, 59 Mo. 43. ( 5 ) Plaintiff could have appealed from the order of sale and report, and not having done so she cannot seek relief in equity except for fraud. *Wolf v. Robinson*, 20 Mo. 459 ; *Rugle v. Webster*, 55 Mo. 246 ; *Ames v. Gilmore*, 59 Mo. 537 ; *Grayson v. Weddle*, 63 Mo. 523.

*O. D. Jones* for respondent.

( 1 ) The evidence in the cause on the trial is not sufficiently preserved in the bill of exceptions, for it calls for such copies of the records of the probate court and deeds " which the plaintiff or defendant shall require." It cannot be left to agreement of counsel what shall go in a bill of exceptions. *Heim v. Grand Lodge*, 59 Mo. 581 ; *Leftwich v. Leeon*, 4 Wall. 187 ; *Lyon v. Thompson*, 16 Ia. 62 ; *Morrison v. Lehew*, 17 Mo. App. 633. ( 2 ) The decree of the lower court is for the right party on the law. *Chandler v. Dodson*, 52 Mo. 128 ; *Grundy v. Brown*, 86 Mo. 253. ( 3 ) At the date of the judgment in April, 1880, under which defendant claims plaintiff had been in possession twelve years, the statute of limitations conferred title. *Nelson v. Broadhack*, 44 Mo. 496 ; *Wall v. Sheldon*, 47 Mo. 282 ; *Barr v. Otto*, 56 Mo. 444 ; *Fulkerson v. Mitchell*, 82 Mo. 13. ( 4 ) There is no estoppel against plaintiff in the

judgment in the cause assigning dower. (5) Plaintiff's petition is sufficient. All the lands were included in the suit to assign dower. " It was all one transaction," and " one general right was claimed." *Ferguson v. Patchall*, 11 Mo. 267; *Tucker v. Tucker*, 29 Mo. 350; *Rinehart v. Long*, 95 Mo. 367. Petition must plead facts not evidence. *Pier v. Heinrichoffen*, 52 Mo. 333. By pleading to the merits defendant waives formal objections. *Grove v. City*, 75 Mo. 672; *State v. Sappington*, 68 Mo. 454. (6) Every fact found by the court is distinctly at issue in the pleadings and is sustained by the evidence. (7) Collusion among bidders at judicial sales to suppress bidding avoids them. *Neal v. Stone*, 20 Mo. 294; *Durfee v. Moran*, 57 Mo. 374; *Wagner v. Phillips*, 51 Mo. 117; *Dover v. Kennedy*, 44 Mo. 145. (8) A judgment procured by fraud, of such a nature that the party could not know or meet it at the time, will be set aside even after it has been paid. *Miles v. Jones*, 28 Mo. 87.

BLACK, J.—Nancy Murphy, the plaintiff, is the widow of Benjamin Murphy, who died in 1855, the owner of the sixteen acres of land now in suit.

Letters of administration were issued to the plaintiff upon the estate of her deceased husband, and she procured an order to sell real estate to pay debts, and then resigned. Ringo was appointed administrator *de bonis non*, and, by virtue of the order of sale, sold the sixteen acres of land, and the plaintiff became the purchaser at the price of four hundred dollars, and she received a deed dated the fourth of February, 1868. Ringo resigned in 1869, and thereupon the probate court ordered the estate into the hands of Chandler, the public administrator. Chandler made two applications to the probate court for an order to sell the same real estate to pay the debts of the estate, both of which were refused; but an order was made, upon a third petition,

filed in 1874. The sixteen acres, and also an eighty-acre tract, were sold under this order, and the defendant De France became the purchaser, at the price of one hundred dollars, and received a deed, dated February 1, 1875.

In 1876, the defendant De France commenced a suit in the circuit court against the plaintiff in the present suit to have dower assigned to her in the sixteen acres and the eighty acres. That suit was tried in 1880, the trial resulting in the appointment of commissioners, who set off to her five and one-half acres of the sixteen acres as her dower in the ninety-six acres. The report of the commissioners was approved and a writ of restitution awarded De France, by which he was put into possession of the property not set off to the widow. De France then conveyed forty-four-hundredths of the land to defendant Dodson.

The plaintiff, claiming to own the sixteen acres, both as a homestead and by virtue of the administrator's sale to her, commenced this suit in equity in 1885, praying that the public administrator's deed to De France, the judgment in the case of De France against her and the deed to defendant Dodson be set aside, and for naught held. The court found the issues for plaintiff, and entered a decree according to the prayer of the petition, to reverse which defendant sues out this appeal.

The theory of the plaintiff's petition is that De France and Dodson procured the order of sale, the sale and the approval thereof by a fraudulent combination with Guy Chandler, the public administrator, and that all of these proceedings to, and including the judgment in, the dower case were parts of one scheme to defraud the plaintiff out of her property. The petition then makes a general charge that the judgment in the suit of De France against Nancy Murphy for assignment of dower is void, because collusively and fraudulently obtained. The answer sets up that judgment as

a bar to this suit, and states that Mrs. Murphy filed answer in that case, setting up, as a defense thereto, all of the matters stated in her petition in this case, and claiming the sixteen acres both as a homestead and by virtue of the administrator's sale to her. The reply concedes that Mrs. Murphy defended that suit, but says none of the issues to be tried in this case were tried in that one; that her attorney told her the case would not be tried at the April adjourned term, 1880; that it was tried at that time; that no witnesses were called, and that her attorney betrayed his trust and colluded with De France.

From the evidence adduced on the trial, it appears the debts of the Murphy estate had not been paid at the time it was ordered into the hands of Chandler, the public administrator, which was in 1869. The defendant Dodson owned one of these debts, and De France, as an attorney, represented the others, and afterwards became the owner of them. These debts amounted to two thousand dollars, or over, and the evidence is to the effect that the estate was insolvent. De France and Dodson were of the opinion that the prior administrator's sale of the sixteen acres to Mrs. Murphy was void, for reasons not necessary to be stated. Acting upon the suggestions made in *Bank v. White*, 23 Mo. 342, they asked, and eventually procured, the resale on the third petition of the public administrator. At the time of procuring this order, De France represented to the probate court that he would bid one thousand dollars for the ninety-six acres, but he only bid one hundred dollars, and Chandler declined to report the sale until De France agreed to, and did, allow him his commission on one thousand dollars.

The claims held by De France and Dodson were not all of the same class, and they agreed in writing that, as between themselves, their claims should stand on the same footing, and that one of them would bid upon the property and buy it for all, unless some other person

should bid enough to pay the debts. Under this arrangement, De France became the purchaser, and prosecuted the suit for the assignment of dower. There is not a particle of evidence showing, or tending to show, any misconduct of the attorney who represented Mrs. Murphy on that trial. She called him to the witness stand on the trial of this case, and he stated that he sent for her when the dower case was called for trial, and that she came to the court house when the documentary evidence had been introduced; that the administrator's deed to her being excluded, and the one to De France admitted, by the court, he spoke to Chandler, who was present, but that he declined to testify that he would not report the sale until he was paid fifty dollars' commission, and that Chandler was not called as a witness on that trial.

One other circumstance may be noticed, and that is this: The judgment confirming the report of the commissioners in the dower suit was not written up by the clerk until the vacation of the court, and after it had been written up and at the suggestion of De France the clerk inserted the words awarding a writ of restitution. A motion was made by Mrs. Murphy, at a subsequent term, to correct the judgment, but the motion was overruled by the court.

A judgment procured by fraud may, of course, be set aside in equity, but the fraud because of which such relief is granted is one in procuring the judgment. As has been said by this court: "Courts of equity will not vacate or enjoin a judgment merely based upon a cause of action which may be vitiated by fraud, for this is a valid and meritorious defense, which may be interposed, and unless its interposition is prevented by fraud of an adversary, * * * it cannot be asserted against a judgment, either foreign or domestic." *Payne v. O'Shea*, 84 Mo. 130. "The fraud," says Freeman, "for which a judgment may be vacated or enjoined in

equity must be in the procurement of the judgment. If the cause of action be vitiated by fraud, this is a defense which must be interposed, and unless its interposition be prevented by fraud, it cannot be asserted against the judgment." Freeman on Judg. [3 Ed.] sec. 489.

Courts of equity do not grant such relief for the purpose of giving a defeated party a second opportunity to be heard on the merits of his defense; and the relief is confined to those cases where the judgment is procured by fraud or through excusable mistake or unavoidable accident. Freeman, Judg., sec. 486. Applying the foregoing principles of law to this case, there is not a shadow of a ground for setting aside the judgment in the case of De France against Nancy Murphy. The great bulk of the evidence does not touch the question whether that judgment was procured by fraud, but goes to the merits of that controversy. That suit was commenced in 1876 and was pending until 1880, so that the defendant therein had abundant time and opportunity to prepare for trial. The fact that Chandler stated to the attorney that he would not say that he received the fifty dollars' commission before he reported the sale amounts to nothing. He could have been called or made to testify. Nor is any reason assigned why the probate judge could not have been called. The charge of collusion between the attorney who represented Mrs. Murphy and De France is unproved and rests in the imagination of the pleader. This suit was not commenced until five years after that one had been determined, and it is perfectly apparent that this is but an effort to review that judgment on the merits. This a court of equity has no right to do. That case may have been decided for the wrong party, and there is ground for the claim that the deed to Mrs. Murphy was valid. The remedy, however, was the same in that case as in others, namely, an appeal or writ of error.

The next inquiry is, what was adjudicated in that case ? The pleadings in that case are not in evidence in this one. They appear to have been lost. We have discovered no secondary evidence of their contents save that of the attorney who represented Mrs. Murphy and who testified at her instance. He says : "I set up in that answer as a defense De France's statement made in the probate court, that he would make the land pay one thousand dollars of the debts of the Murphy estate, also that the order of sale and sale were procured by fraud practiced by De France on the probate court, and by collusion and fraud between him and Chandler. I objected to the introduction of the deed from Chandler to De France, but the court overruled the objection ; and after he had made his proof I offered the deed made by Ringo as administrator to Nancy Murphy, but the court excluded it."

The judgment, which is in evidence, says: "The plaintiff claimed to hold the land herein described in fee, subject to defendant's dower, in trust for the creditors of the estate of Benjamin Murphy, deceased, and defendant claims to own said land in her own right and denied that plaintiff was entitled to have seizin of said land or to have dower set off to defendant ; " and it then goes on to find and adjudge that plaintiff is the owner of the land subject to the widow's dower, and commissioners are appointed to assign dower. There can be no doubt but the plaintiff in that case put in issue the validity of the defendant's deed, and the defendant assailed the public administrator's deed on the same grounds that are now set up in the present case. The judgment was for the plaintiff in that case, the defendant in this one. It is final and conclusive as between the parties and their privies. Whether that was the proper kind of a suit in which to try the validity of these administrator's deeds is a question which we need not determine. The issues were made,

and the court had jurisdiction of the parties and subject-matter, and neither party appealed.

It results from what has been said that the judgment must be reversed and the petition dismissed. So far as we can see from this record the right of plaintiff to a homestead exemption under the act of March 23, 1863, was not brought in question in the dower suit. It may be that she is still entitled to have a homestead assigned to her under that act and the rulings in *Gragg v. Gragg*, 65 Mo. 344, and *Seek v. Haynes*, 68 Mo. 17. As the main object of this suit must fail, proper proceedings for assignment of homestead must be instituted. At all events the dismissal of this petition will be without prejudice to any suit she may institute for the purpose of having a homestead assigned to her.

Numerous other questions have been made on the one side and the other, which do not affect the merits of this controversy, and they are, therefore, not spread out in this opinion. The judgment is reversed, and the petition dismissed without prejudice to the extent before indicated. All concur.