Nelson v. Barnett.

NELSON, *Appellant*, v. BARNETT *et al.*

Division Two, June 26, 1894.

1. **Administrator**: FINAL SETTLEMENT: FRAUD. The final settlement of an administrator, like the judgments of other courts, can not be impeached, except on the ground of fraud in the very act of obtaining the judgment.

2. ———: ———: ———. The procurement of merely illegal allowances, or the omission of proper debits in the account presented for final settlement, will not render such settlement vulnerable to attack in a court of equity on the ground of fraud.

3. ———: ———. An administrator's final settlement is conclusive only as to matters included in it.

4. ———: ———: PAROL EVIDENCE. Parol evidence is admissible to show that matters as to which the record is silent were not embraced in the final settlement.

5. ———: ———. RENTS AND PROFITS OF LAND. Where the widow of the deceased is administratrix and dower has not been assigned her, the right to the rents and profits of the land can not be determined in an action to set aside her final settlement for fraud though they were not mentioned in such settlement.

6. ———: ———: DWELLING HOUSE, EXPENSE OF ERECTING. Where a dwelling house is destroyed by a cyclone in which the intestate was killed, the widow, who was the administratrix, is not personally chargeable with $240 expended in erecting a new dwelling on the land of the deceased.

7. **Limitation**: ADMINISTRATOR'S BOND. The statute of limitations does not run in favor of an administrator on his bond until ten years after his final settlement.

8. ——: ——. An exception exists to the foregoing rule with respect to items of charge not reported to the probate court and not embraced in the final settlement.

*Appeal from Gentry Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

By this equitable proceeding, plaintiff sought to set aside, on the ground of fraud, the final settlement of his mother Ann Barnett (formerly Nelson), as administratrix of the estate of his father, Robert C. Nelson, Sr., deceased.

It appeared at the hearing that an error had crept into the final settlement to the extent of $400, and this being admitted, the court in its decree corrected this error, by surcharging the defendant administratrix with that amount on account of the admitted error, and found the other issues for the defendants, and assessed part of the costs against each of the parties.

The decree thus entered, from which plaintiff appeals, is the following:

"Now at this day, this cause coming on to be further heard, and was argued by counsel, and the defendants having stated in open court and admitted by their counsel that the sum of four hundred dollars charged against the estate of Robert C. Nelson, deceased, as the absolute property of the widow, by the defendant Ann Barnett, then Ann Nelson, administratrix of said estate, in her final settlement of said estate, filed in and approved by the probate court of this county on 14th day of May, 1885, and mentioned in the petition, was so charged by mistake, having already been

charged in another item, it is ordered by the court that plaintiff have leave to amend his petition, setting up such fact as ground for relief, which is done. And thereupon, upon consideration thereof, and of all and singular the matters and things in the pleadings and evidence set forth and contained; it is ordered, adjudged and decreed by the court that the said sum of four hundred dollars be, and the same is hereby, surcharged against the said defendant upon said settlement, as of the said fourteenth day of May, 1885, the date of the making and filing of said final settlement, and of the judgment of said probate court of Gentry county, Missouri, approving the same; so that the balance due to the said defendant Ann Barnett, late administratrix thereon at said date, is and shall be the sum of eight hundred and ninety-six dollars and sixty cents ($896.60), instead of the sum of one thousand, two hundred and ninety-six dollars and sixty cents ($1,296.60), as set forth in said settlement and judgment of the probate court; and the court finds all the other issues for the defendant. It is thereupon ordered and adjudged by the court that the defendant recover of the plaintiff the costs of witnesses one day, and mileage, attending court the twelfth day of September, 1890, the date plaintiff amended his petition, and that execution issue therefor, and that the defendants recover of the plaintiff all other costs in this behalf expended, and that execution issue therefor.''

*H. S. Kelley* and *J. W. Sullinger* for appellant.

(1) The court erred in not charging the administratrix with the money received for the growing crops. The widow is not entitled to the growing crops; they go to the administrator. *Whaley v. Whaley*, 51 Mo. 160; 1 Williams on Executors [5 Am. Ed.], 630, note 1. (2) Ordinarily the widow may remain in the man-

sion house and messuages thereunto belonging, until dower is assigned. This is an incident to dower. 1 R. S. 1889, sec. 4533; *Orrick v. Pratt*, 34 Mo. 226; *Roberts v. Nelson*, 86 Mo. 21; *Holmes v. Kring*, 93 Mo. 452; *Robinson v. Ware*, 94 Mo. 687; *Brown v. Moore*, 74 Mo. 633; *Jones v. Manley*, 58 Mo. 559; *Miller v. Tulley*, 48 Mo. 503. (3) The administratrix can not use the assets of the estate for the erection of a house on land belonging to the estate. *Rolfson v. Cannon*, 3 Utah, 232; *Kane v. Haitley*, 73 Mo. 316; *Cobb v. Muzzy*, 13 Gray (Mass.) 57; 7 Am. and Eng. Encyclopedia of Law; *In re Motier's Estate*, 7 Mo. App. 514. (4) Guardians and other trustees have no right to deal with the trust property for their own benefit. They must act for, and not antagonistic to, the beneficiaries. *Sharpe v. McPike*, 62 Mo. 300, 307; *Patterson v. Booth*, 103 Mo. 413; *Thornton v. Irwin*, 43 Mo. 153; *Shaw v. Shaw*, 86 Mo. 594; *Ward v. Davidson*, 89 Mo. 458; Bispham's Principles of Equity, sec. 92. (5) If the administrator mixes funds of the estate with his own or uses them for speculation or profit, he is chargeable with interest. 14 Wall. (U. S.) 887; *In re James L. Davis, Ex'r*, 62 Mo. 450, 462; *Scott v. Crews*, 72 Mo. 261; *Clyce v. Anderson*, 49 Mo. 37; *Julian v. Wrightsman*, 73 Mo. 569; 1 R. S. 1889, sec. 224; *Gregory v. Menefee*, 83 Mo. 413; *Cruce v. Cruce*, 81 Mo. 676; *Booker v. Armstrong*, 93 Mo. 49. So if he invests the money at a profit, that profit belongs to the estate; if he suffers it to lie in his hands idle interest is properly chargeable. *Clyce v. Anderson, Ex'r*, 49 Mo. 41. (6) It has often been held in this state that a final settlement by an administrator or guardian has the force of a judgment, and can not be impeached in a collateral proceeding. *VanBibber v. Julian*, 81 Mo. 618; *Sheetz v. Kirtley*, 62 Mo. 417; *Lewis v. Williams*, 54 Mo. 200; *Picot, Adm'r, v. Bates*, 47 Mo. 390;

*Yeoman v. Younger*, 83 Mo. 424; *Patterson v. Booth*, 103 Mo. 419; *State ex rel. v. Gray*, 106 Mo. 526. And that no suit can be had on the bond until the final settlement has been set aside. *Woodworth v. Woodworth*, 70 Mo. 610; *Yeoman v. Younger*, 83 Mo. 424; *Clyce v. Anderson, Ex'r*, 49 Mo. 37. A suit in equity to set aside the settlement on the ground of fraud must be first had. *Tourville v. Roland*, 23 Mo. 95. (7) And the fraud for which the settlement will be set aside must not only be of illegal allowances or credits, but there must be fraud, deceit or imposition practiced on the court in obtaining such allowances or in obtaining the judgment or approval of the settlement. *Sheetz v. Kirtley*, 62 Mo. 417; *Lewis v. Williams*, 54 Mo. 200; *Murphy v. DeFrance*, 101 Mo. 151; 105 Mo. 53; *Payne v. O'Shea*, 84 Mo. 130; *Miller v. Major*, 67 Mo. 247; *Bradford v. Wolfe*, 103 Mo. 391; *Patterson v. Booth*, 103 Mo. 403. And it has been held that the willful omission of an executor or administrator to charge himself with the assets which came into his hands, or the taking credit for what in no view of the case he is entitled to, is sufficient misconduct to vitiate his settlements as fraudulent to the extent of the omission or false credit. *Houts v. Shepherd*, 79 Mo. 141; *Merrit v. Merritt*, 62 Mo. 150. (8) Any omission or concealment that wrongs the estate must be considered fraudulent without reference to the motive that dictated it. *Clyce v. Anderson, Ex'r*, 49 Mo. 37; *Hook v. Payne*, 14 Wall. (U. S.) 252; *Smiley v. Smiley*, 80 Mo. 44; *Byerly v. Donlin*, 73 Mo. 270; *West v. Reavis*, 13 Ind. 294.

*McCullough & Peery* and *S. S. Brown* for respondents.

(1) The judgment of the probate court approving the final settlement, was a final judgment, and can

not be set aside, except for actual fraud practiced by the administratrix in obtaining it. *Jones v. Brinker*, 20 Mo. 88; *Barton v. Barton*, 35 Mo. 162; *Sheetz v. Kirtley*, 62 Mo. 417; *Smith v. Sims*, 77 Mo. 272; *Phillips v. Droughton*, 30 Mo. App. 148; *Lewis v. Williams*, 54 Mo. 200; *Miller v. Major*, 67 Mo. 247; *Patterson v. Booth*, 103 Mo. 403; *State ex rel. v. Gray*, 106 Mo. 526; *VanBibber v. Julian*, 81 Mo. 619; *Weinerth v. Trendley*, 39 Mo. App. 337; *Standard v. Lacks*, 25 Mo. App. 64. The fraud to authorize the setting aside of the judgment, must be in the procuring of it. A suit in equity can not be resorted to for the purpose simply of obtaining a new trial of the original matter. *Payne v. O'Shea*, 84 Mo. 130; *Murphy v. DeFrance*, 101 Mo. 151; *Murphy v. DeFrance*, 105 Mo. 64. (2) The final settlement is conclusive as to all matters necessarily included within its scope, even though omitted therefrom. *State ex rel. v. Roland*, 23 Mo. 95; *Patterson v. Booth*, 103 Mo. 417. (3) Mrs. Barnett (formerly Nelson) as widow, was entitled to the rents of the farm until dower was assigned, and could have sued for them, if they had been withheld. *Orrick v. Robbins*, 34 Mo. 226; *Miller v. Talley*, 48 Mo. 503; *Jones v. Manley*, 58 Mo. 559; *Roberts v. Nelson*, 86 Mo. 21; *Brown v. Moore*, 74 Mo. 633; *Holmes v. Kring*, 93 Mo. 452. (4) If Mr. Nelson did not intend to charge James Millan with the money advanced to establish him in business, then his administratrix could not have recovered it. That which was intended by deceased as a gratuity could not be subsequently turned into a charge by his administratrix. *Whaley v. Peak*, 49 Mo. 80, and cases cited. (5) The failure to account for the growing crops was purely an error of law, both on the part of the legal adviser of the administratrix and of the probate court, and affords no ground for setting aside the

settlement. *Weinerth v. Trendley*, 39 Mo. App. 337, and cases cited; *Standard v. Lacks*, 25 Mo. App. 64.

SHERWOOD, J.—1. The final settlement of an administrator stands as firmly on an impregnable basis of conclusiveness as does the judgment of any other court, and can not be impeached, except on the ground of fraud in the very act of procuring the judgment, or as it is sometimes expressed, in the *"concoction"* of the judgment. *McClanahan v. West*, 100 Mo. loc. cit. 320, and cases cited; *Nichols v. Stevens*, ante, p. 96. This has been the uniform ruling in respect of final settlements of probate courts in this state. *Jones v. Brinker*, 20 Mo. 87; *State to use v. Rowland*, 23 Mo. 95; *Barton v. Barton*, 35 Mo. 158; *Picot v. Bates*, 47 Mo. 390; *Oldham v. Trimble*, 15 Mo. 225; *Woodworth v. Woodworth*, 70 Mo. 601; *Lewis v. Williams*, 54 Mo. 200; *Smith v. Sims*, 77 Mo. 272; *Sheetz v. Kirtley*, 62 Mo. 417; *Miller v. Major*, 67 Mo. 247; *State ex rel. v. Gray*, 106 Mo. 526, and numerous other cases.

And resort can not be had to a court of equity, to grant a new trial and permit the re-agitation of matters which have already been adjudicated. *Murphy v. DeFrance*, 101 Mo. 151.

And it is well settled that the procurement of merely illegal allowances or the omission of proper debits in the account presented for a final settlement, will not render such settlement vulnerable to atack in a court of equity on the ground of fraud. Nothing presented by the facts in this case brings it within the operation of the rule heretofore noted.

2. But a judgment of a probate court on a final settlement of an administrator, is, of course, conclusive only as to *matters therein embraced. In order that any matter can be said to have passed in rem judicatam, it must have been tried and adjudicated by the court.* 2

Woerner's American Law of Administration, sec. 506, and cases cited.

And it has been determined in this state that parol evidence may be introduced to show that certain matters as to which the record is silent, were not passed on in a judgment of allowance in a probate court. *Sweet v. Maupin*, 65 Mo. 65; s. c., 47 Mo. 323.

Like rulings have frequently been made as to judgments of circuit courts. *Bell v. Hoagland*, 15 Mo. 360; *Clemens v. Murphy*, 40 Mo. 121; *Wright v. Salisbury*, 46 Mo. 26; *Wells v. Moore*, 49 Mo. 229; *Spradling v. Conway*, 51 Mo. 51. See, also, 1 Freeman on Judgments, secs. 273, 274, and cases cited; *Packet Co. v. Sickles*, 24 How. 333; s. c., 5 Wall. 580.

In this case it seems there are matters which were not embraced in the final settlement. If this is true, then of course the matters thus non-included, not having been tried and adjudicated are still open for trial and adjudication, and as to them the final settlement constitutes no adjudicatory barrier. See authorities last aforesaid.

3. But in this category will not be included the rents and profits of the land, the widow's dower not having been assigned, and her quarantine remaining therefore intact. *Gentry v. Gentry*, 122 Mo. 202, and cases cited. And this is true, notwithstanding such rents and profits were not mentioned in the final settlement made.

As to the materials and carpenter work costing something like $240, these items were included in the final settlement, and, therefore, can not now be questioned.

But they can not be questioned for a reason equally as valid. The dwelling house on the farm had been swept away by a cyclone, in which the father and head of the family perished. The widow and children

were entitled to a shelter while she and her children remained on the farm.    Having the right to remain on the farm during the    continuance of her    quarantine, we regard the comparatively small expenditure used to build a small dwelling house as, under the circumstances,    a legitimate one, and properly allowed by the probate court, equally as    legitimate as if instead of destroying the house the cyclone had simply taken off the roof, in which case, it would seem that it could scarcely be doubted that the right to repair or renew the roof, would be a reasonable and proper expense, subject to the approval of the probate court.

4.    The final settlement in this case was made in 1885, and the plaintiff attained his majority on the twenty-eighth of September, 1890.    Under our rulings the statute of limitations does not run in favor of an administrator on his bond until ten years after his final settlement.    *State to use v. Pratte*, 8 Mo. 286; *State to use v. Blackwell*, 20 Mo. 97; *State to use v. St. Gemme's Administrator*, 31 Mo. 230.

This being the case, if it be clearly made to appear that certain items, to wit, the proceeds arising from the sale of the stock on hand, were not reported to the probate court, and did not enter into the final settlement of the administratrix, the right of action of plaintiff is not yet barred, nor is he debarred by this proceeding.

For the reasons aforesaid, the decree is affirmed. All concur.