STATE ex rel. MARTHA D. SHIPMAN, Admx., etc., Appellant, v. THOMAS A. SHIPMAN et al., Respondents.

St. Louis Court of Appeals, March 4, 1901.

1. **Administration: PROBATE COURT: JUDGMENT OF, CONCLUSIVE.** The judgment entered by the probate court in accordance with a certified copy of judgment by the circuit court rendered against the administrator of the partnership estate, unappealed from, is final and conclusive, and can not be inquired into by way of defense to this action.

2. ———: ACTION AGAINST ADMINISTRATOR AND HIS SURE-
TIES: JUDGMENT. The judgment in favor of the individual es-
tate of Siegel Shipman, deceased, unappealed from, against Thomas
A. Shipman, administrator of the partnership estate of Shipman,
Witty, Kerr & Noland, is binding on said administrator and his
sureties in this action to compel them to pay to the relatrix the
sum of $130.20, the amount of such judgment.

Appeal from Christian Circuit Court.—*Hon. James Tilford
Neville,* Judge.

REVERSED AND REMANDED.

*Gideon & Gideon* for appellant.

(1) The debt mentioned in the answer and evidenced by
the notes and deed of trust offered in evidence by defendants,
was not a partnership debt of Shipman, Witty, Kerr & Noland.
It was the joint debt of the two brothers created prior to them
becoming members of said partnership. If it had been a debt
of said firm, then the contention of defendants that their prin-
cipal had a right to pay it as he did, might have some force, but
under the pleadings and evidence it was the joint debt of the
two brothers for which they were jointly and severally liable.
R. S. 1899, sec. 890; Simpson v. Shulte, 21 Mo. App. 639. (2)
And as said before, the debt being joint and several, and
Thomas A. Shipman, being liable for all of it, had no right
(even if plaintiff's contention is not tenable that this matter is
barred by former adjudications) to appropriate the assets of
the firm to the payment of his individual debt, or to the pay-
ment of the individual debt of himself and his co-partner.
Ackly v. Staehlin, 56 Mo. 558; Dunnica v. Clinkscales, 73 Mo.
500; Price v. Hunt, 59 Mo. 258; Hilliker v. Francisco, 65 Mo.
598; Reyburn v. Mitchell, 106 Mo. 365. (3) The former ad-
judications of the circuit court and probate courts, is pleaded in

the petition of the plaintiff. State ex rel. v. Henning, 55 Mo. 579. (4) And afterwards, on the fourteenth day of November, 1898, the defendant in obedience to the judgment of the circuit court aforesaid, filed in the probate court, an amended final settlement reciting that the "Circuit court, on an appeal charged back the item of $175 to him as the distributive share of Siegel Shipman, leaving in his hands the sum of $130.20 as the share of said Siegel Shipman's estate, in said partnership estate to be settled with Siegel Shipman's estate." This settlement was approved by the probate court, and has the effect of a judgment and as it was not appealed from, bound the defendant and his sureties, and could not be attacked collaterally. McCarty, Admr., v. Garneau, 4 Mo. App. 566; State ex rel. v. Christy, 12 Mo. App. 190; Woodworth v. Woodworth, 70 Mo. 603; State v. Creuzbauer, 68 Mo. 254; Johnson v. Beasley, 65 Mo. 250; Gray v. Bowles, 74 Mo. 419. (5) A judgment rendered by a probate court, or an order against an administrator requiring him to pay over to the distributees a certain sum of money as assets of the intestate's estate is, in the absence of fraud or collusion, conclusive upon the securities of the administrator in a suit on his official bond. The circuit court found that he was indebted to Siegel Shipman's estate $130.20, as the distributive share of Siegel Shipman, in the partnership estate, which had the force and effect of requiring him to pay the same to the plaintiff as administratrix of the individual estate. State ex rel. v. Holt, 27 Mo. 340; Young v. Bird, 124 Mo. 591.

*G. A. Watson, Jacob Hartley* and *J. C. West* for respondents.

(1) Plaintiff's attorneys earnestly contend that this debt, being a joint and several debt of Thomas and Siegel, it therefore could not have been made out of the partnership funds.

There is no contention on this point, nor has this been done. This debt was paid in part out of the individual interest of Siegel, which was sold by Thomas. Now, as this debt was joint and several, if Thomas had paid it with his own money, he would have had a right of contribution against the estate of Siegel for his share. Van Patten v. Richardson, 68 Mo. 379. (2) This would have required another suit to reach the same ends, which "the law abhors." Robbins et al. v. Thos. Conley, 47 Mo. App. 502; Deitz v. Leete et al., 28 Mo. App. 540. (3) Thomas and Siegel were partners, between themselves, in these firms, and Thomas had a right to sell this property and to apply the proceeds to payment of this debt, which was a debt of this sub-partnership, and this is so whether he gave bond or not. Wiese v. Moore, 22 Mo. App. 530.

GOODE, J.—This action was brought at the relation of Martha D. Shipman as administratrix of the individual estate of O. S. or Siegel Shipman against the defendant, Thomas A. Shipman, as administrator of the partnership estate of Shipman, Witty, Kerr & Noland and the sureties of said administrator on his official bond to recover a balance of $130.20, alleged to be in his hands, as the distributive share due said Siegel Shipman's individual estate for his net interest in the partnership assets. Thomas and Siegel Shipman were brothers. There were two firms engaged in the livery business in 1894 in Christian county. One was Kerr, Cloud & Noland, whose stable was at Ozark, and the other was Witty, Kerr & Noland, who were in business at Sparta. On or about the fifth day of July of that year the two Shipman brothers bought out, jointly, the interest of Robert Cloud in both of said firms, so that one of them became Witty, Kerr & Shipman and the other Kerr, Shipman & Noland. Some time in 1895 Siegel Shipman died. The relatrix became the administratrix of his individual estate and

State ex rel. v. Shipman.

the defendant Thomas A. Shipman, one of the surviving partners, qualified as administrator of the partnership estate of "Shipman, Witty, Kerr & Noland," as his bond recites and as was admitted on the trial, although we fail to discover from the record how such a firm could have been formed by the purchase of Cloud's interest in the two partnerships above mentioned. The fact seems to be that the defendant Thomas A. Shipman administered the effects of both partnerships.    On the eleventh day of November he filed his final settlement, the following recital of which requires attention:  "The items in the first amended annual settlement of one hundred and twenty dollars, for sale of partnership property at Sparta, Missouri, and of fifty-five dollars for sale of partnership property at Ozark, Missouri, was money arising from the sale of the interest of the Shipman brothers in said property, and was not assets in the hands of the surviving partner of Witty, Shipman, Kerr & Noland, or of Witty, Shipman & Kerr, and is improperly charged to him in such settlement.  He therefore asks credit for the sum of $175."   The probate court of Christian county allowed the credit of $175 asked by the administrator.

The relatrix filed exceptions thereto and these being disallowed, she appealed to the circuit court.   On the hearing in the latter court a judgment was entered, which after reciting the facts, concludes as follows:  "Wherefore, it is considered, adjudged and decreed by the court that the final settlement of T. A. Shipman, aforesaid, be amended by charging back to said administrator the item of $175 leaving the administrator indebted to the estate $130.20 as the distributive share of Siegel Shipman in said estate and that the clerk of this court transmit a certified copy of this judgment, together with the original papers to said probate court."

Thereafter, on the fourteenth day of November, 1898, an amended final settlement was filed by Thomas Shipman in

which it was stated that the circuit court had ordered the item $175 charged back to the administrator as the distributive share of Siegel Shipman, leaving in the hands of said administrator the sum of $130.20 as the share of said Siegel Shipman's estate in the partnership estate and showing the said sum last mentioned to be due Siegel Shipman's individual estate, which amended final settlement was approved by the probate court.

It was testified by Joseph H. Shipman, father of Thomas and Siegel, that the two boys bought, as partners, an interest in the livery business of the firms of Witty, Kerr & Cloud at Sparta, and Kerr, Cloud and Noland at Ozark, giving their joint note for the payment of the purchase money on which he and one William Johns became sureties. To indemnify themselves they took a deed of trust on certain real estate and a chattel mortgage on the stock in the barn. The said Joseph H. Shipman paid the note to the holder of it. That note, signed by Siegel and Thomas, was introduced in evidence; also the note, deed of trust and chattel mortgage executed by them to indemnify their sureties. The two last instruments purported to be on the undivided one-third interest of Thomas and Siegel Shipman in the lots on which the livery stable stood in the town of Sparta and their undivided one-third interest in the livery stock of the firm.

After the death of Siegel, his brother Thomas sold his interest in the two concerns at Ozark and Sparta for $175 and with the money thus procured and $175 of his own, reimbursed the father, Joseph H. Shipman, for the money which the latter had paid as surety on the note of the two brothers given by them to Cloud for a third interest in the two partnerships. It is claimed, therefore, that there were really three partnerships, the third being the one between the two brothers in the undivided one-third interest which they bought in the concerns at Ozark and Sparta. It must be admitted that the evidence as

to the last one is vague.    Their joint purchase scarcely war-rants the conclusion that they intended to hold the one-third interest in the business thus acquired as a distinct and separate firm *inter sese*.    It was a joint ownership rather than a part-nership.

The action of the probate court in allowing Thomas Ship-man, as administrator of the partnership estate, credit for the sum of $175 realized by the sale of the interest of Siegel Ship-man in the two firms was undoubtedly correct.    Said decedent's interest in that property in no sense constituted assets of the partnership estate of Shipman, Witty, Kerr & Noland.    It be-longed either to the relatrix as administratrix of his individual estate or to Thomas Shipman as the surviving partner in charge of the alleged partnership affairs of the two brothers, if in fact any such firm existed.    Inasmuch as the latter had erroneously charged himself with it in his inventory, he was entitled to have his accounts balanced by allowing him a corresponding credit in his final settlement.    As the case now stands, his final set-tlement, after being amended in accordance with the judgment of the circuit court, shows a net balance due the individual estate of his brother of $130.20.    This final settlement has been approved and the administrator discharged.

The question which arises, then, is, whether or not he and his sureties can show as a defense to this action on his bond by the relatrix to recover the sum so found due her, that he had used the money in part payment of the indebtedness which he and the deceased jointly owed.    Substantial justice would probably be accomplished by holding that he may, but we have been unable to find any principle of law which would authorize such a ruling.    It may be that as surviving partner of the so-called partnership between him and his brother, the defendant Thomas had the right to pay off debts they owed.    Bredow v. Mutual Savings Institution, 28 Mo. 181; Crow v. Widener, 36

Mo. 412; Easton v. Courtwright, 84 Mo. 27; Hargardine v. Gibons, 114 Mo. 561; Weise v. Moore, 22 Mo. App. 530. There is no evidence, however, to show he assumed to administer as such surviving partner, nor was the debt paid by him ever presented to the probate court for allowance against Siegel Shipman's personal estate. But there is a final judgment of the probate court winding up the partnership administration and discharging the administrator, which finds that the latter was indebted to the individual estate of Siegel Shipman in the sum of $130.20. This judgment has not been appealed from and is conclusive against the defendants as principal and sureties that when it was rendered the defendant Thomas Shipman did owe Siegel Shipman's estate that sum after allowing him all just credits. In fact, the contention was then made that this money was not assets of the partnership, not properly chargeable against the partnership administrator and not owing to the administratrix of the individual estate and adjudicated adversely to Shipman, the respondent. That it was wrongly so determined is immaterial, for he permitted the matter to rest with the judgment of the circuit court. Gray v. Bowles, 74 Mo. 419; Freeman v. Thompson, 53 Mo. 183; Hardin v. Lee, 51 Mo. 241; Carson v. Sheldon, Id. 436. This judgment is conclusive as to the rights of the parties until impeached or set aside for fraud or mistake. Murphy v. DeFrance, 101 Mo. 151; Woodworth v. Woodworth, 70 Mo. 601. And it is binding on the administrator and his sureties in this action on the bond to compel them to pay the money to the relatrix. State ex rel. v. Griffith, 27 Mo. 340; State ex rel. v. Rucker, 59 Mo. 17; Bicks v. Norris, 66 Mo. 514; State ex rel. v. James, 82 Mo. 509; Nelson v. Barnett, 123 Mo. 564; Young v. Bird, 124 Mo. 591.

We are not unmindful of the hardship of compelling the administrator Shipman to answer for this money a second time,

but inasmuch as there has been a solemn determination by a court of competent jurisdiction that he owes it, in a controversy to which he was a party and in which he asserted his rights, we know of no way to exonerate him without disregarding settled doctrines as to the effect of former adjudications and the conclusiveness of judgments.

The judgment is reversed and the cause remanded. All concur.