80   414
39a  337

## McLean, *Appellant*, v. Bergner.

1. **Administrator**: FINAL SETTLEMENT, WHEN VACATED. The final settlement of an administrator has the force and effect of a judgment, and can be vacated only for fraud or mistake.

2. **Final Settlement**: NOTICE OF IN ENGLISH-GERMAN PAPER. A notice of final settlement of an administrator is sufficient when published in the English language, and on the English side of a newspaper published and printed in both the English and German languages, one side of the paper being German and the other English.

3. **Fraud**: PROOF OF INSUFFICIENT. Under the facts presented in this case, *Held*, there was nothing to justify the conclusion that the administrator, as charged in the petition, falsely represented to the probate court that all the assets of the estate had been administered and applied to the payment of debts.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*J. C. Kiskaddon* with *J. R. Martin* for appellant.

That a judgment obtained by fraud can be annulled, is an elementary rule of equity. *Mayberry v. McClurg,* 51 Mo. 256; *Sweet v. Maupin,* 65 Mo. 65; Freeman on Judg., §§ 486, 489, 491; *Clyce v. Anderson,* 49 Mo. 37; *Strong v. Wilkson,* 14 Mo. 116; *Thomasson v. Brown,* 43 Ind. 203; 3 Redfield on Wills, (3 Ed.) § 232; *Wood v. Lee,* 5 T. B. Mon. (Ky.) 50; *Clark v. Shelton,* 16 Ark. 474. The notice published by respondent of his intention to make final settlement of Reichard's estate, was in law no notice, it having been published in the English language on the English side in a newspaper, one side of which was printed in English and the other in German. R. S. 1879, §§ 1035, 238; *Graham v. King,* 50 Mo. 22; *Hallett v. Reighters,* 13 How. P. 43; *Boyland v. Boyland,* 18 Ill. 552; *Brownsfield v. Dyer,* 7 Bush (Ky.) 505; *Gray v. Larimore,* 2 Abb. (N. S.) 542. A final settlement is a judgment, and when rendered without notice is void. *Murry v. Roberts,* 48 Mo. 307; *Rooch v. Barnes,* 33 Mo. 319; *Brashears v. Hicklin,* 54 Mo. 102. The bar of the statute of limitations does not apply. *Martin v. Knapp,* 45 Mo. 48; *Keeton v. Keeton,* 20 Mo. 530; *Poe v. Domec,* 54 Mo. 119.

*Crews & Booth* for respondent.

The publication of the notice of final settlement was legal and sufficient. *Graham v. King,* 50 Mo. 23, is inapplicable. The finding of the probate court on the sufficiency of the publication of the notice is conclusive. *Raley v. Guinn,* 76 Mo. 263. The final settlement can be set aside only for fraud alleged and proved, and no fraud was proved. *Lewis v. Williams.* 54 Mo. 200; *Sheets v. Kirtley,* 62 Mo. 418. The remedy of appellant against respondent for failure to sell the real estate for payment of debts, was by action on the latter's bond. R. S., § 290; *Woodworth v. Woodworth,* 70 Mo. 601; *Cohen v. Adkins,* 73 Mo. 163. Plaintiff's action

is barred by the statute of limitations. *Rogers v. Brown*, 61 Mo. 187 ; *Mitchell v. Williams*, 27 Mo. 399.

NORTON, J.—The defendant, George Bergner, administered upon the estate of one August Reichard, who died intestate in Franklin county, in March, 1866, and among other property mentioned was the following real estate in the town of Washington in said county, viz., a part of lots 55 and 56, in block 15, between the property of Matthias Liggs and George Bergner, fronting twenty-eight feet and six inches on Lafayette street, by 132 feet deep.  Said estate continued in process of administration till the March term, 1869, of the probate court, when said Bergner made his final settlement, which was approved by said court, and said Berger discharged as administrator.

Plaintiff, McLean, who, on the 23rd of March, 1866, had procured an allowance against said estate for the sum of $1,131.70, with ten per cent interest, and which was assigned to the fifth class of demands, no part of which was paid, instituted this suit on the 2nd day of May, 1879, to vacate and annul said settlement, setting up the above facts in his petition and alleging that during the course of the administration there were no personal assets in the hands of the administrator to pay said allowance.

It is further alleged that said final settlement was made without any notice thereof being given, as required by law ; that at the time of the filing and approval thereof, the said estate had not been in point of fact fully administered ; that the allowances against the said estate (including the aforesaid allowance of plaintiff) had not been paid, and that the aforesaid described real estate, though inventoried as assets, had not been sold for the payment of such allowances.

And plaintiff further states, that the said defendant fraudulently intending and contriving to cheat and defraud the plaintiff and other creditors out of their lawful demands against said estate, and thereby convert to his own use the

rents and profits of said real estate, (of which said real estate he was then, and ever since then hath been in possession, using and enjoying as his own,) falsely and fraudulently represented to said probate court that due notice of his intention to make final settlement of said estate had been given ; that all the assets of said estate had been administered upon and applied to the payment of the debts, and by means of such false and fraudulent representations induced said court to approve said settlement and discharge him as such administrator; that the fraudulent practices of the defendant in the premises, and the action of the court in approving said settlement, operate as a fraud upon the plaintiff; that the defendant and the sureties upon his administration bond are insolvent, and plaintiff is remediless in the premises, except through the aid of a court of equity.

Defendant in his answer denies all the allegations of the petition as to the charges of fraud in making said settlement, and avers that he gave due notice of his intention to make the same, which fact was found by the probate court after hearing proof of notice. It is further averred that in December, 1864, said Reichard executed a deed of trust conveying the real property mentioned in the inventory to secure said Bergner in the payment of a note given him by said Reichard for $900 payable in three years with five per cent interest; and that said debt was allowed and remained unpaid, and that at the time of his final settlement said real estate was not worth more than the debt due him for the payment of which it was bound, that the condition of said deed was broken, and defendant believing himself entitled to the possession of the property until redeemed by the payment of his debt went into possession of the property, and has remained in it ever since. It is further alleged that plaintiff's cause of action accrued more than five years next before the institution of this suit and is barred by limitation.

Plaintiff in his replication denies that defendant published in any newspaper printed in the English language
27—80

notice of his intention to make final settlement, and avers that on the 8th of February, 1868, he instituted an action in the circuit court of Franklin county, to annul and vacate the note and deed of trust mentioned in the answer of defendant and that in 1873 judgment was rendered by said court setting aside and vacating said deed of trust. The circuit court rendered judgment for defendant from which plaintiff has appealed, and attacks the judgment on the ground that it is against the evidence and the law.

It is a familiar principle, and needs only to be stated to be approved, that the final settlement of an administrator has the force and effect of a judgment, and can only be vacated when it is made clearly to appear that it is founded on fraud or mistake. The grounds relied upon by plaintiff for vacating the said settlement, are : 1st, That defendant falsely represented to the probate court that due notice was given of his settlement. 2d, That he falsely represented that all the assets of the estate had been administered upon and applied to the payment of debts. , To sustain the first of the above grounds, plaintiff offered evidence showing that the notice of final settlement was published in the English language, and on the English side of a newspaper published and printed in both the English and German languages, one side of said paper being German and the other side being English. There was a total failure of evidence either showing or tending to show that defendant made any false representations to the probate court concerning the notice, but it does appear that the said court with the fact of the manner of its publication before it adjudged it to be sufficient, and we think its judgment was justified by the fact.

The case of *Graham v. King*, 50 Mo. 23, has been cited by counsel to show the insufficiency of the publication. In that case the notice of a trustee's sale was published in English in a paper printed wholly in German, and the court held that it was not sufficient, it being observed that " when notices are to be published in a paper, an English

paper is always intended unless it is otherwise expressed. The insertion of an English advertisement in a German paper would generally give less publicity to it than if published in the German language, as those among whom the paper circulates would not be able to read it in the English tongue. And if it were published in German, then it would be a sealed book to the most of those who read and speak English." The paper in which the notice in the case before us was published, was an English paper and also a German paper, and the notice was published in English on the English side, and none of the reasons given for holding the notice bad in the case in 50 Mo. *supra*, apply to it but on the contrary in a mixed community composed of both English and Germans, a notice published in English on the English side of the paper would be more likely to give a more extended notice than if published in a paper wholly English or wholly German, inasmuch as a paper published both in the German and English languages would be more likely in such community to have a more extended circulation than if wholly published in the one language or the other.

The second position taken by defendant is as untenable as the first. We find no evidence in the record justifying the conclusion that the defendant falsely represented to the probate court that all the assets of the estate had been administered and applied to the payment of debts. It is averred in plaintiff's petition, and the facts in the case show that there were no personal assets in the hands of the administrator applicable to the payment of plaintiff's demand, and the mere fact that defendant as administrator might and perhaps ought to have filed a petition asking for the sale of decedent's interest in the lots inventoried, cannot be construed into fraudulent representation that he had fully administered the assets as it clearly appears from the record that defendant in his first and second settlements as well as in his final settlement charged himself with the annual rent of the real estate, each of which settlements

amounted to an assertion to the court that it had not been sold, and inasmuch as the plaintiff under the statute could at any time after the 23d of March, 1866, up to the date of the final settlement in 1869, have filed his petition in the probate court for the sale of decedent's interest in the real estate for the payment of his debt. This he did not do, but slept upon his rights till the final settlement was made, and then waited nearly ten years before instituting this proceeding assailing the settlement, though living in Washington where defendant also lived during that time. We are of the opinion that plaintiff failed to make out the case stated in petition and for that reason affirm the judgment, not deeming it necessary to pass upon the question of the statute of limitations pleaded by defendant.

Judgment affirmed, all the judges concurring.