| 39 | 333 |
| 44 | 253 |

BARDO WEINERTH, Respondent, v. JOHN M. TRENDLEY, PETER HANSON AND LUCY A. HANSON, Appellants.

St. Louis Court of Appeals, February 18, 1890.

1. **Administration:** FINAL SETTLEMENT. The order of a probate court approving the final settlement of an administrator is a final judgment, and can only be set aside for fraud or mistake.

2. **Equity:** MISTAKE OF LAW. Courts of equity are ordinarily powerless to grant relief against the consequences of mistakes of law. And when an administrator, who is also a creditor of an estate administered upon, through a misconception of the law believes that the homestead belongs to the widow of the decedent in fee, and, therefore, makes final settlement of the estate without procuring a sale of the homestead, and his action was not due to any conduct or act of those entitled to the homestead, he is not entitled to an order setting aside the final settlement and directing the sale of the property.

3. **Administration:** LIMITATION OF TIME FOR PROCURING SALE OF REALTY. Although there is no express statute of limitations, an application by an administrator for the sale of realty must be made within reasonable time. And held in this case that a suit in equity, brought by one who was both administrator and creditor, to have a final settlement set aside, and to have property omitted from sale by mistake sold for the payment of debts, was too late, because brought about ten years after the grant of letters of administration, and about two years after knowledge of the mistake.

*Appeal from the St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED (*wi**·*      '      *ns*).

*W. A. Alexander* and *C. W. Wilson,* for the appellants.

The petition of the plaintiff does not state facts sufficient to constitute a cause of action. It does not

allege that the final settlement of the administrator was procured by fraud. Final settlements of administrators will not be set aside except for fraud. The fraud must be actual. A mere mistake is not sufficient; and the fraud must be both alleged and proven, neither of which was done in this case. *Sheetz v. Kirtley*, 62 Mo. 417, 419, 421; *Miller v. Major*, 67 Mo. 248; *Lewis v. Williams*, 54 Mo. 200, 201; *McLean v. Bergner*, 80 Mo. 418, 420; *Houts v. Shepherd*, 79 Mo. 144. The petition not only fails to charge any fraud, but bases the plaintiff's right to relief upon the fact that he and his counsel had committed mistake in a matter of law. Equity will not relieve against a mistake of law. *Lewis v. Williams*, 54 Mo. 201; *Hendrix v. Wright*, 50 Mo. 313–315; *Daily v. Jessup*, 72 Mo. 144; *Brown v. Fagan*, 71 Mo. 563, 569, 570.

*Carl Daudt*, for the respondent.

Where the mistake is of a fundamental character, the minds of the parties have never, in fact, met, or where an unconscionable advantage has been gained by mere mistake or misapprehension, and there was no gross negligence on the part of the plaintiff, either in falling into the error or in not sooner claiming redress and no intervening rights have accrued, and the parties may still be placed *in statu quo*, equity will interfere, in its discretion, to prevent intolerable injustice. This we believe to be the clearly defined and well-established code upon the subject in courts of equity, both in England and America. 1 Story's Eq. Jurisp., sec. 138; *Griffith v. Townley*, 69 Mo. 14; *Koontz v. Bank*, 51 Mo. 275; *Mastin v. Haley*, 61 Mo. 197; *Mathews v. City of Kansas*, 80 Mo. 231; *Martin v. Nixon*, 92 Mo. 26; *Harris v. Board of Education*, 3 Mo. App. 570; *Budd v. Eyermann*, 10 Mo. App. 437. If a mistake of law or as to his private right be that of one party only to a transaction, it may be either that the mistake

was induced or encouraged by the misrepresentation of the other party, or that, though not induced or encouraged, it was known and perceived by him and so taken advantage of, or it may be that he was not aware of the mistake. Whatever may be the circumstances of the case, a court of equity, under the peculiar circumstances of the case, grants relief. Kerr on Fraud and Mistake, 470; *Faust, Adm'r, v. Birner*, 30 Mo. 414; *Nelson v. Betts*, 21 Mo. App. 230; *Summers v. Coleman*, 80 Mo. 488.

BIGGS, J., delivered the opinion of the court.

This is a chancery case, in which the plaintiff asks the court to set aside his final settlement of the estate of one Paul Trendley, deceased, and re-open the administration so as to enable the plaintiff to subject the homestead, which had been set apart to the widow and minor child of the deceased, to sale for the benefit of the unpaid creditors of the estate. The widow, Lucy A. Hanson, since intermarried with Peter Hanson, and John M. Trendley, the only child and heir of Paul Trendley, are made defendants.

The substantial averments of the bill are to the effect that Paul Trendley died in St. Charles county in October, 1875; that, immediately thereafter, the probate court of the county granted letters of administration on his estate to the plaintiff, and that the plaintiff proceeded to collect the assets of the estate; that, during the course of the administration, the probate court of the county, in the manner pointed out by law, set apart, out of lands belonging to the estate, a homestead for the use and occupation of the widow and minor child of the deceased; that, after the homestead had been set apart, the plaintiff petitioned the probate court for an order for the sale of lands belonging to the estate to pay debts, the personal estate having proved insufficient for that purpose; that the plaintiff did not

ask for an order for the sale of the homestead tract, and the probate court did not include it in the order of sale, for the reason that the plaintiff believed, and was so advised by his attorney, that the title of the widow and minor child to the land, allotted as a homestead, was a fee simple, and that, for this reason, the land was not subject to sale for the payment of the debts of the deceased, and that, therefore, the plaintiff omitted the homestead tract from sale; and that, afterwards, on the twelfth day of February, 1880, he made a final settlement of the estate and received his final discharge. Plaintiff then avers that he is the principal creditor of the estate, and that the assets belonging to it, and administered by him, only paid thirty-seven and one-half cents on the dollar of the indebtedness.

The defendants demurred to the petition for two reasons : (1) It failed to state a cause of action. (2) The petition, on its face showed that the plaintiff was not entitled to the relief prayed for, or to any relief or judgment in the cause. The court overruled the demurrer, and the defendants excepted. Afterwards there was a trial, and the plaintiff introduced testimony tending to prove the allegations of the petition. The court entered a decree in favor of the plaintiff, setting aside the final settlement and re-opening the estate for further administration. From this judgment the defendants have prosecuted an appeal.

It will only be necessary for us to discuss the sufficiency of the petition, and, if it fails to state facts sufficient to entitle the plaintiff to any equitable relief, the judgment of the circuit court will have to be reversed.

It is well-settled law, and need only be stated by us, that final judgments of a probate court occupy the position of like judgments of courts possessing common-law jurisdiction, and that such judgments can only be assailed and set aside for fraud or mistake. *Sheetz v.*

*Kirtley*, 62 Mo. 417. The order of a probate court, approving the final settlement of an administrator, and discharging him, is a final judgment within the meaning of the law. *McLean v. Bergner*, 80 Mo. 414.

The petition is not drawn on the theory that, in the sale of the lands, the plaintiff and the probate court, through inadvertence or oversight, failed to include the homestead in the order of sale, but the plaintiff's right to equitable relief is based on the idea of a mistake by plaintiff in assuming that the homestead was not subject to sale for the payment of debts. The plaintiff urges that this mistake was one both of law and fact. On the other hand the defendants insist that, if any mistake occurred, it was a *mistake of law.*

It is a well-established principle, and one that admits of but few exceptions, that courts of equity are powerless to grant relief against the consequences of *mistakes of law.* *Hendrix v. Wright*, 50 Mo. 313; *Dailey v. Jessup*, 72 Mo. 144; *Brown v. Fagan*, 71 Mo. 563. It is only for us to determine whether the case at bar falls within the rule. It seems to us that there can be but one answer to the question. Prior to the amendment of the homestead law (Laws, 1875, p. 60), the widow and minor children of a deceased homesteader took the same estate in the homestead that was vested in the ancestor; but the amendment referred to so changed the law, as to terminate such a homestead right when the youngest child should attain its legal majority and the widow should die. It was also provided by this amendment that such homestead might be sold by the legal representative of the deceased homesteader for the payment of debts, subject, however, to the rights of the widow and minor children, if there were any such. This amendment was approved the eighteenth day of March, 1875, and, by its terms, took effect from the date of its passage. The plaintiff says that he was not advised of this amendment and

that, for this reason, he mistook the character of the title held by the widow and minor children of the intestate, and failed to sell the homestead as he would have done, had he been advised of the true nature of their title. It is doubtless true that the plaintiff was not actually advised of the change in the law, but this was only a mistake of law. Wherein was there a mistake of fact, as claimed by plaintiff? It is not pretended that he did not know when Paul Trendley died, but it is expressly averred that the plaintiff and the probate judge were fully advised of the existence of the homestead; it was purposely omitted by him from the order of sale of the other lands.

It is made to appear both by the averments of the petition and the evidence that the plaintiff and the probate judge, at the time of the final settlement, were in possession of all facts connected with the administration, and, when the superfluous matter is brushed away, the naked fact remains and becomes quite apparent that the plaintiff's mistake in respect of the title to the homestead tract was purely a *mistake of law*. It must also be borne in mind that the plaintiff does not pretend that he was led into the mistake through any fault, conduct or act of the defendants, or either of them. Under such a state of facts, the plaintiff can only claim that we should affirm the judgment in this case and make an exception to the general rule in his favor, merely because it would be equitable to do so. The adjudications of this state, and of every other jurisdiction with which we are acquainted, are at war with such an idea.

But, aside from the foregoing considerations, it is a question of very serious doubt whether the plaintiff, or the other creditors, are entitled as a matter of equity to have the homestead sold for the payment of debts. Paul Trendley has been dead over fourteen years. Our statute contemplates the settlement of the estates of deceased persons within two years after the grant of

letters.   The sale of land to pay debts is but one step in the course of the administration of an estate, and, while we have no statute of limitations directly applicable to such a proceeding, the question arises whether there is not some rule of limitation by which such matters are to be governed.   The heir of an estate has some rights that the courts ought and must consider.   The supreme court in the case of *Gunby v. Brown*, 86 Mo. 253, had occasion to discuss this question.   The court, speaking through Judge BLACK, said : "By our law, the debts must be exhibited for allowance within two years from the grant of letters of administration.   If the personal estate be insufficient to pay the debts, the administrator may disclose that fact by petition, and have an order for the sale of real estate.   If he fail to make such application, any creditor may do so, upon giving the administrator the prescribed notice.   In short, the whole administration law contemplates that the affairs of the estate will be wound up as speedily as practicable.   If the administrator is guilty of delay, the creditors are armed with ample power to have him removed or proceed themselves.   In reason and justice there must be a limit of time, in which this order of sale may be taken.   As there is no statute on the subject, it must be done within a reasonable time.   What that is must in this, as in all cases where the sale is applied for, be determined from all the circumstances, and each particular case must, to a great extent, furnish its own rule."

In the case at bar the record shows that letters of administration were granted to plaintiff on the ninth day of November, 1875 ; that, on the sixteenth day of February, 1877, the probate court made an order for the sale of the real estate to pay debts, and that the plaintiff's final settlement was filed and approved on the twelfth day of February, 1880.   The present action was begun in August, 1887, and the plaintiff testified that

he was advised of his mistake in reference to the homestead about two years before he commenced his suit. These facts make a case for the application of the rule adopted by the supreme court, and they would have furnished ample justification for a dismissal of plaintiff's action by the trial court.

Our conclusion is, that the decree or judgment in this case cannot be upheld, and must be set aside. The judgment of the circuit court will therefore be reversed, and the cause remanded with instructions to dismiss plaintiff's bill and enter judgment for the defendants. All the judges concurring, it is so ordered.