MARY WARDEN, Respondent, v. M. BUSBEE, Appellant.

**Kansas City Court of Appeals, May 6, 1901.**

Final Settlement: SETTING ASIDE: FRAUD: OMITTED ITEMS. Final settlement of an administrator, like other final judgments, can only be set aside for fraud practiced upon the court in the very procurement of the judgment; and the mere omission of two or three items which should have been accounted for is insufficient, since the administrator would be liable on his bond as to such items, without respect to the final settlement.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

REVERSED.

*M. T. January* for appellant.

(1) Plaintiff's petition disclosed on its face a complete remedy at law. Hence, it was error to overrule defendant's objection to the introduction of any evidence. Humphreys v. Milling Co., 98 Mo. 542, App. 551. (2) Plaintiff's own evidence showed that the omission to charge himself with the items in controversy was due to mistake of the attorney who prepared

Vol 89 app—8

the settlements for the administrator and disproved the charge of a fraudulent concealment. Hence, the bill should have been dismissed. Humphreys v. Milling Co., 98 Mo. 542, 551. (3) As the items in controversy did not enter into the administrator's settlements, the plaintiff had a perfect remedy at law on the administrator's bond and there was no occasion to resort to a court of equity. Nelson v. Barnett, 123 Mo. 564. (4) A final settlement, like any other judgment of a court having jurisdiction, can only be set aside by alleging and proving fraud in the procurement of the judgment. No such fraud is alleged, even, in this case. Railroad v. Warden, 73 Mo. App. 117; Nelson v. Barnett, 123 Mo. 564; Hamilton v. McLean, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 1.

*Scott & Bowker* for respondent.

(1) Where fraud is the basis of the action for equitable relief, the fact that the parties might have an adequate remedy at law is no barrier to the equitable proceeding. Baldwin v. Davidson, 139 Mo. 118; Dingle v. Pollick, 49 Mo. App. 479. (2) The willful omission of an executor to charge himself with the assets that come to his hands, or the fraudulent concealment of such assets from the court, is sufficient misconduct to vitiate his settlement as fraudulent to the extent of such omission. Clyce v. Anderson, 49 Mo. 37; Houts v. Shepherd, 79 Mo. 141; Smiley v. Smiley, 80 Mo. 44; Dingle v. Pollick, 49 Mo. App. 479; Scudder v. Ames, 89 Mo. 497, 515. (5) Any misrepresentation or concealment practiced upon the court, although such matter might have been used as a defense, but for said fraudulent concealment, is sufficient fraud to move a court of equity to set aside the judgment. Wonderly v. Lafayette Co., 150 Mo. 635. (4) Appellate courts, especially, where the testimony is mostly oral, will defer largely to

the finding of the trial courts, who have better facilities for weighing the testimony, from actual observation, and from the manner of witnesses on the stand. Shanklin v. McCracken, 151 Mo. 587.

BROADDUS, J.—This is an action to set aside a final settlement of the probate court. The plaintiff sues in equity as the widow and heir at law of B. B. Warden, the defendant, who was the administrator of the estate of the deceased. After stating that the defendant duly qualified as such, and her rights as widow and heir at law, she charges him with fraud in making his final settlement; and in obtaining his discharge as such administrator, in concealing from the court and from the plaintiff at the time he made such final settlement certain assets to said estate with which he should have charged himself, to-wit: One note of $30 executed by himself; $14.15 cash in bank; and $40 rent from farm for the year 1898. She alleges that these items were not accounted for in his final settlement and were fraudulently concealed from the court. These allegations contain the gist of plaintiff's cause of action. The trial court set aside the final settlement, restated the defendant's account and rendered judgment for the plaintiff in the aggregate of $134.65 and costs, from which the defendant appealed.

The judgment of the probate court, which was the subject of controversy, was rendered on the eighth day of October, 1890, and this suit was instituted on the twenty-first day of June, 1900. There was evidence tending to prove that the items designated were properly chargeable against the administrator which he did not account for in his final settlement. There was also evidence tending to show that he obtained credits for sums that he had not paid out, but as these items could only be considered, if considered at all, in restating the defendant's account, they are not of any importance upon the questions now

before this court. Two of the items mentioned in the petition, wherein it is alleged that defendant fraudulently failed to charge himself with, to-wit: his own note for $30 and $14.15 in bank, are included in the inventory of the estate. In his first annual settlement he reports and charges himself with the amount of the sale bill of the personal property, from which settlement is omitted the two items mentioned and the other item for rent of farm for the year 1888. The amount he reports as due in his first annual settlement is $631.90. In his final settlement he charges himself with the amount of $631.90, as shown on said first settlement, and $40 additional for rent of farm for the year 1899.

It will thus be seen that he nowhere charges himself with the three items in dispute. That the defendant owed the estate $30 and that there was $14.15 in bank due the estate there can be no question, and there was evidence tending to show that he had collected the rent on the farm for the year 1889. There was some evidence going to show that the defendant had not paid the plaintiff, since the final settlement, her allowances, but as those matters could have nothing to do with the allegations of fraud, they will not be further noticed. The sum and substance of the case is, then, nothing more nor less, than a failure upon the part of the defendant as administrator, to charge himself with the three items named; and on the case thus made, was the court authorized to set aside the final settlement and restate the account?

A final settlement made by an administrator, has the force and effect of a judgment, and can only be set aside or overcome on the ground that it was fraudulently procured. Mere illegal allowances, unless obtained by fraud, are no ground for impeaching or setting aside. Lewis v. Williams, Adm'r., 54 Mo. 200; Sheetz v. Kirtley, 62 Mo. 417; Miller v. Major, 67 Mo. 247. There seems to be no disagreement in the decisions of

the Supreme and Appellate Courts of this State.    They are
all to the same effect upon this question.    In Nelson v. Barnett,
123 Mo. 564, the court held, the final settlement of an admin-
istrator, like judgments of other courts, can not be impeached,
except on the ground of fraud in the very act of obtaining the
judgment and that the procurement of merely illegal allow-
ances or the omission of proper debits in the account presented
for final settlement, will not render such settlement vulnerable
to attack  in a court of equity.    The facts of this case do not
show fraud on part of defendant "concocting" his final settle-
ment, but it does show that the items mentioned were omitted.
These items should have been charged to the administrator, but
because they were omitted from his last settlement, the omission
of itself does not constitute fraud *per se*.    He would have been
liable on his bond for having failed in the performance of his
obligations as such administrator.    In Nelson v. Barnett,
supra, Judge SHERWOOD says:    "In this case it seems there
are matters which were not embraced in the final settlement.
If this is true then of course the matters non-included, not hav-
ing been tried and adjudicated, are still open for trial and
adjudication, and as to them the final settlement constitutes no
adjudicatory barrier."    And this is a general principle that
applies alike to all judgments.    Clemens v. Murphy, 40 Mo.
121; Wright v. Salisbury, 46 Mo. 26; Spradling v. Conway,
51 Mo. 51.    As upon the whole case the plaintiff was not en-
titled to recover, the rulings of the court on the trial and the
sufficiency of the petition are not considered.

Cause reversed.    All concur.