BERTHA MUELLER et al., Appellants, v. AUGUST GRUNKER et al., Respondents.

St. Louis Court of Appeals, November 30, 1909.

1. **JUDGMENTS: Collateral Attack.** A proceeding which attempts to avoid or defeat the effect of a judgment in a manner not authorized by law is a collateral attack on such judgment.

2. **EXECUTORS AND ADMINISTRATORS: Nature of Trust.** In making a settlement of the estate in the Probate Court, an administrator *de bonis non* with the will annexed represents the heirs and devisees under the will, as well as creditors and other interested parties.

3. ————: **Probate Court: Judgments: Approval of Administrator's Final Settlement: Res Adjudicata.** The items set out in the annual settlements of an administrator, which are approved and allowed by probate court are prima-facie correct, when viewed from a collateral standpoint.

4. ——: ——: ——: ——: ——: **Facts Stated.** Where items of allowance, improperly made to certain heirs, were shown in the annual settlement of an executrix, and were approved and allowed by the probate court and were carried forward and approved in the final settlement of the executrix, after due notice, they were immune from attack in a collateral proceeding; and hence contribution could not be compelled in equity from said heirs in a collateral proceeding.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors,* Judge.

AFFIRMED.

*John W. Booth* for appellant.

(1)  Appellants Bertha Mueller and John Grunker, and respondents August Grunker and Anna Grunker, being joint beneficiaries of the will of their father, Anton Grunker, it is inequitable that one of them having received (though wrongfully) more than his or her share of the personal estate of Anton Grunker, should be allowed an equal share of the real estate without having the same charged with such contribution as is necessary to the equality of the several beneficiaries in the same will. Such a state of affairs calls in the most imperative manner for application of the equitable doctrine of contribution among persons having common interests and common   duties with respect to the property of their common ancestor.   Green v. Walker, 99 Mo. 68.
(2)  The order of a probate court approving a final settlement of an administrator, due notice of intention to make such settlement having been given, is a final judgment which, if not appealed from (as in this case), is absolutely conclusive as between the administrator or executor on the one side and the heirs or devisees and creditors on the other; but the same is not an adjudication conclusive upon a court of equity in determining (in the partition of the real estate of the common ancestor) whether or not one or more of the heirs or beneficiaries of the ancestor must make contribution in

order to secure equality. (3) That question is to
be determined on its merits in the particular case, and
is not concluded by the final settlement.

*Jesse H. Schaper* for respondents.

(1) A final settlement of an executor or admin-
istrator and the order of the probate court approving
the same after due notice and distributing the estate
and discharging the executor or administrator, is a final
judgment of a court of competent jurisdiction, and the
same is conclusive upon all parties to it, and as to all
matters involved in the settlement, the judgment consti-
tutes a bar to further proceedings concerning the same
matters. Smith v. Hauger, 150 Mo. 437; Patterson v.
Booth, 103 Mo. 402; State ex rel. Pountain v. Gray, 106
Mo. 526; Nelson v. Barnett, 123 Mo. 564; Moody v. Pay-
ton, 135 Mo. 482; State v. Roland, 23 Mo. 95. (2)
Such probate judgments cannot be set aside or annulled
except in a direct proceeding in equity, on the ground of
fraud perpetrated upon the court in the very act of pro-
curing the judgment. Smith v. Hauger, supra, and
cases cited; Nelson v. Barnett, supra, and cases cited;
Lewis v. Williams, 54 Mo. 200, and cases cited. (3)
Annual settlements of administrators, and of guard-
ians and curators are prima facie correct. They are
subject to review and correction at the final settle-
ment. State to use v. Jones, 89 Mo. 470, 478; Picat v.
O'Fallon, 35 Mo. 29; State to use v. Hoster, 61 Mo. 544;
State to use v. Roeper, 82 Mo. 58; Folger v. Heidel, 60
Mo. 284; Seymour v. Seymour, 67 Mo. 303; West v.
West, 75 Mo. 208. (4) Such judgments of the probate
court are conclusive as to all matters which are the
proper subject of account included or necessarily in-
volved in the final settlement. State ex rel. v. Gray,
106 Mo. 533; Patterson v. Booth, supra.

STATEMENT.—This is a proceeding in equity for the partition of real estate, and contribution from some of the tenants in common is sought as well.

The parties in interest are brothers and sisters and heirs at law of one Anton Grunker. As such they are tenants in common of the parcel of real estate involved, the title to which is derived from their father under the terms of his will. The circuit court decreed a partition; that is, though it found the land incapable of division in kind, it was ordered sold and the proceeds thereof partitioned. The court denied the prayer for an equitable contribution, however, on the ground that the matters therein involved were foreclosed by a prior judgment of the probate court of Franklin county under the jurisdiction of which the estate of the deceased, Anton Grunker, had been fully administered.

The plaintiff prosecutes the appeal and complains of the action of the court in denying their right to a contribution from their tenants in common. At the instance of the plaintiff, the circuit court made a special finding of facts and declared its conclusions of law therein as follows:

"Now come the parties plaintiff herein by their attorneys, and defendants August Grunker and Anna Grunker by their attorney, and judgment by default having been rendered against defendants Mary Bayer and Joseph Bayer, for failure to appear to this action and the said Mary Bayer and Joseph Bayer still failing to appear, this cause now comes on to be tried by the court, and the court having now heard the evidence in the cause and argument of counsel finds from the pleadings and evidence in the cause that Anton Grunker died on the 11th of June, 1874, seized in fee of the land described in plaintiffs' petition leaving surviving his widow Catherine, and his daughters Mary, Bertha and Anna, and his sons August and John, of whom said August, John and Anna were then minors; that said widow died in 1904; that said Anton left no other heirs

than his said children. That at his death said Anton left his last will whereby he bequeathed to Henry Ernst, Maria Barlage, and Dina Wellenkamp, each one hundred dollars, and that said bequests have been paid, and that as to all the balance and remainder of this estate and property, said Anton gave the same to his children, share and share alike, subject to said Catherine's right of dower as his widow; and that by said will said Anton appointed said Catherine and said Mary executrixes thereof. That said will was probated and said Catherine and Maria became executrixes thereof all as alleged in plaintiffs' petition. That in the year 1875 said Mary was married to defendant Joseph Bayer, and her authority as executrix of said will was thereby revoked. That afterward, in November, 1895, said Catherine resigned her office as such executrix and (as alleged in said petition) was succeeded in the administration of said estate, first by J. D. Grothaus, then by A. H. Breckenkamp, and finally by William Meyersieck, to each of whom in turn letters of administration d. b. n. on said estate with said will annexed were issued as alleged in said petition.

"That on October 19, 1874, said Mary (then Mary Grunker), received from said Catherine as executrix of said will the sum of one hundred dollars, as part of her interest in said estate under said will, and thereupon gave to said executrix her receipt therefor, as follows, to-wit:

" 'Recd. Washington, Mo., Oct. 19, 1874, of Catherine Grunker, Admx. of Anton Grunker Decd. one hundred dollars as part payment of my inheritance due me from said estate.

(Signed) " 'MARY GRUNKER.'

"That on the 28th day of April, 1875, said Catherine as executrix of said will paid to said Mary (then Mary Bayer), the sum of six hundred and seventy-five dollars, as a part payment of the child's share of said Mary under the said will; and for said payment said

Mary and her husband, Joseph Bayer, gave to said executrix their receipt as follows:

" 'To All Whom It May Concern: Know ye that we the undersigned Mary Bayer, daughter of Anton Grunker, late of Franklin county, Mo., deceased, and Joseph Bayer, her husband, have this day received of Mrs. Catherine, widow, Grunker and executrix of the last will and testament of said Anton Grunker the sum of six hundred and seventy-five dollars as a bequest and child's part of said Mary given to her by said will.

$675        Washington, Mo., April 28, 1875.

(Signed) · MARY BAYER.

JOSEPH BAYER.'

"Witness, L. Grannemann."

"That said Catherine on Dec. 15, 1875, filed in said probate court her first settlement as such executrix and in said settlement is credited with said payments to said Mary, and filed said receipts with said settlement as vouchers for said credits.

"That in said estate said probate court at its September term, 1876, made an appropriation of one hundred and twenty dollars for clothing, schooling and supporting defendant Anna Grunker (then a minor) for the term of two years ending June 16, 1876; and afterward on Sept. 12, 1877, said probate court made a further appropriation for clothing, schooling and boarding said Anna from June 16, 1876, to Sept. 16, 1877, of seventy-five dollars, and that afterward said probate court made a further appropriation for the board, clothing and schooling of said Anna from Sept. 16, 1877, until Sept. 16, 1878 of fifty dollars. That pending the administration of said estate the amount of said appropriations was paid to the use of said Anna and she received the benefit thereof; and that in the annual settlements of said estate in said probate court, credits were claimed and allowed for said payments, prior to the final settlements of said estate.

"That on Dec. 10, 1879, William Meyersieck, then administrator d. b. n. of said estate, made final settlement thereof, after due publication of notice of his intention to make such final settlement.

"That on said final settlement all said credits allowed on the settlements aforesaid were undisturbed and a balance of four hundred and sixty-four dollars and sixty-one cents was due from said Meyersieck, and in accordance with an order of distribution distributed and paid over as follows: To August Grunker, Bertha Mueller, John Grunker, and Anna Grunker each the sum of one hundred and sixteen dollars and fifteen cents; and afterward on the —— day of Dec., 1879, said probate court made and entered of record its order finally discharging said Meyersieck as administrator of said estate, and that at the term at which such final settlement was made said probate court by its order of record approved the same. The court further finds that on the 5th day of January, 1905, defendant Mary by her deed of that date, in which her husband did not join, and by herself only executed and delivered to defendant August Grunker, did for the consideration of one hundred dollars to her paid by said August, remise, release and forever quitclaim to said August all the right, title an interest of said Mary of, in and to the real estate described in the petition of plaintiffs.

"The court further finds that out of the personal estate of said deceased defendant, August Grunker received to his use and benefit the sum of $183, in the process of the administration of said estate as in the petition in this case alleged.

"The court further finds that said real estate is not susceptible of division in kind, and that the same must be sold.

"And the court being of opinion that the foregoing facts are decisive of this case and render it unnecessary for the court to determine any other fact, the court does not pass upon the evidence in this case

bearing upon any fact other than the facts so found by the court.

"(Conclusions of Law and Equity.)

"In the decision of the matters of law and equity in this cause the court, on and from the facts found by the court as aforesaid concludes and determines:

"1st. That plaintiffs John Grunker, and Bertha Mueller and defendants August Grunker and Anna Grunker are owners in fee simple, and tenants in common of the real estate described in the petition in this case, and hold their title thereto under the will of Anton Grunker deceased, and are here entitled to partition of the same according to their respective interest therein.

"2nd. That defendant August Grunker owns two undivided one-fifths of said real estate, of which one-fifth was devised to him by said will, and the other was by said will devised to Mary Bayer and by her conveyed to said August by said deed of said Mary. That plaintiffs John Grunker and Bertha Mueller and defendant Anna Grunker each owns one undivided one-fifth of said real estate, and their titles are derived to them and vested in them as devisees under said will.

"3d. That the estate of said August Grunker in said real estate cannot in equity be charged with any contribution to any of his co-devisees aforesaid on account of his receipt of the benefit of the personal estate of said deceased nor on account of the receipt by his grantor Mary Bayer of the sum of $775.00 of the personalty of said estate of Anton Grunker deceased; and that the estate of Anna Grunker in said real estate cannot in equity be charged with any contribution to plaintiff John Grunker, or John Grunker or to plaintiff Bertha Mueller on account of the receipt by said Anna of a part of the personal estate of said deceased; all such matters having been previously passed upon by a court of plenary powers. And upon its said findings of law and fact it is by the court considered and adjudged, ordered and decreed as follows, to-wit:

"That the following described real estate, situate in the county of Franklin of the State of Missouri, to-wit: a tract of land in the S. W. 1-4 of Sec. 22 of Twp. 44, R. 1 west, bounded as follows, to-wit: beginning at half mile corner on west side of said section, and thence running east 20 ch. 69 lks. to a post, thence running S. 14 ch. 94 lks. to a post; thence running N. 75 degrees, W. 21 ch. 69 lks. to a post; thence running 9 ch. 34 lks. to the place of beginning, excepting about 4 35-100 acres in the N. E. corner thereof, containing over and above said exception about 26 acres, for the purpose of partitioning the same between plaintiffs Bertha Mueller and John Grunker, and defendants August Grunker and Anna Grunker, according to their respective rights and estates therein as found by the court, be sold at public vendue for cash to the highest bidder; and that such sale be made by the sheriff of said county of Franklin, and that such sheriff report his proceedings under this decree and order to the court in accordance with the statute in such case made and provided."

NORTONI, J. (after stating the facts).—There is no controversy as to the facts of the case. They are accurately set forth in the finding of the court hereinbefore copied. Such as are relevant to the disposition of the appeal may be concisely stated as follows: Anton Grunker died testate in Franklin county in 1874. By the terms of his will his five children, who are parties to this suit, were to share his estate in equal parts. It appears that his daughter Mary received in all from the widow, executrix, of Anton Grunker's will, $775, as her interest in the estate of her father; that these payments were duly charged by the executrix in her accounts and allowed by the probate court. It appears that Anna Grunker, one of the heirs, received during the administration, $240 from the executrix, or at least that amount was paid out for her use and benefit in education and otherwise. The amount thus paid out was charged to

the estate by the executrix and was duly audited and allowed by the probate court. It appears that August Grunker received from the executrix out of the personal estate of his father $182.65 and that this amount was charged to the estate by the executrix and audited and allowed by the probate court in her settlement of accounts.

On the final settlement of the executrix, these credits were undisturbed, and there was a balance found due in the hands of William Meyersieck, the last administrator *de bonis non* with the will annexed, of $464.61. This amount was equally divided among the several heirs referred to. There can be no doubt that Mary Grunker, now Mary Bayer, Anna Grunker and August Grunker, each received more than their share of their father's estate. It is on account of the receipt of the amounts over and above their just share by the parties mentioned that an equitable contribution is sought in this proceeding to partition the parcel of real estate coming to the parties by virtue of the provisions of their father's will.

It is argued on behalf of the defendants that even though the parties mentioned received more than their share of their father's estate in virtue of the several payments to them and for them by the executrix, the matter of these payments has now passed into the realm of *res adjudicata* and is immune from attack in this collateral proceeding. On the other hand, it is argued by the plaintiff that although the judgment of the probate court is conclusive as to all of the parties with respect to matters therein audited between the executrix, administrator, creditors and heirs, it is not conclusive in a court of equity in a proceeding where contribution is sought on the ground that some of the parties received more than their share.

It is certain that the present proceeding operates to attack collaterally the judgment of the probate court of

Franklin county by which the final settlement of the estate of Anton Grunker was approved and the administrator *de bonis non* with will annexed discharged. A proceeding which attempts to avoid or defeat the force and effect of a judgment in a manner not authorized by law is a collateral attack on such judgment. [Smith v. Young, 136 Mo. App. 65, 117 S. W. 625.]

All of the parties to the present suit were parties to the judgment of the probate court of Franklin county, which approved the final settlement of their father's estate and discharged the administrator *de bonis non* with will annexed, after due notice by publication. The very items for which an equitable contribution is sought in this proceeding were included in the settlements in the probate court and that the administrator represented these heirs or devisees under the will as well as creditors and other interested parties is beyond question. [Patterson v. Booth, 103 Mo. 402, 418, 419; State ex rel. Pountain v. Gray, 106 Mo. 526, 533.]

It is universally true that final settlements of administrators may not be set aside or overhauled in collateral proceedings, though, as a general proposition, they may be set aside by courts of equity on the grounds of fraud, accident or mistake in direct proceedings for that purpose. [11 Am. and Eng. Enc. Law (2 Ed.), 1315.] However, that may be, the adjudicated cases in Missouri generally confine the statement of the rule to the grounds of fraud only.

The general statement to be found running through the opinions of the Supreme Court is to the effect that judgments of the probate court by which an estate is finally settled and the administrator discharged are conclusive against any and all proceedings other than a direct attack to set aside and vacate the same on the grounds of fraud. See the following cases: Smith v. Hauger, 150 Mo. 437; Lewis v. Williams, 54 Mo. 200; the State to the use of Tourville v. Roland, 23 Mo. 95;

the State ex rel. Pountain v. Gray, 106 Mo. 526; Nelson v. Barnett, 123 Mo. 564.

Notwithstanding the general statement of the doctrine referred to in at least one case our Supreme Court has declared that the fraud essential to be shown to vacate and set aside such judgments need not in every instance be positive and actual with intent to cheat and wrong those interested but that it will be sufficient in a proper case if an improper act or concealment be shown against the administrator which operates as a fraud and results in loss to the interested parties whatever the motive may be. That is, in a proper case the showing of a constructive fraud will suffice. See Clyce v. Anderson, 49 Mo. 37.

The doctrine of this case seems to have been approvingly cited as well in Houtz v. Shepherd, 79 Mo. 141. It appears, too, that in a case in this court a mistake of fact was recognized and treated with as a proper ground of equitable jurisdiction for the purpose of reviewing and setting aside such a judgment of the probate court. See Weinerth v. Trendley, 39 Mo. 333.

We certainly know of no valid reason why such judgments may not be reviewed by a court of equity on the grounds of either fraud, mistake or accident, as such are usual and common grounds of equitable jurisdiction. See 11 Am. and Eng. Ency. Law (2 Ed.), 1313-14-15.

However, it may be, under the decisions of our Supreme Court, that such judgments are reviewable only on the grounds of fraud as so frequently declared. The question is not decided as it is not relevant here. It is sufficient in the present suit to observe that the petition in no manner seeks to set aside the judgment of the probate court by which the final settlements were approved, and it is certainly clear that neither fraud, accident nor mistake is relied upon as a ground of relief, even if the proceeding were to vacate such judgment.

The entire purport of the present proceeding besides the partition prayed for is that an equitable contribution be decreed with respect to the several amounts which were overpaid by the executrix to the parties mentioned. In answer to this, it is sufficient to say that these items were each and all shown in the annual settlements of the executrix and allowed by the probate court. The items referred to thus approved and allowed by the probate court in the annual settlements are prima facie correct when viewed from a collateral standpoint. [Picot v. Biddle, 35 Mo. 29; The State to use of Lancaster v. Jones, 89 Mo. 470, 478.]

The items thus charged in the annual settlements having been carried forward and approved by the probate court upon the final settlement of the administrator *de bonis non* after due notice imparts to them that degree of conclusiveness which renders the matter immune from collateral attack in the present proceeding. A contribution may not be enforced in this proceeding.

The judgment should be affirmed. It is so ordered. All concur.